UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**NOVELTY DISTRIBUTORS, INC.,**
**D/B/A GREENFIELD LABS,**

        **Plaintiff,**

v.

**Michele Leonhart,**
**In her official capacity as**
**Acting Administrator of the**
**Drug Enforcement Administration; et al.**

        **Defendants.**

Case No. 08cv00635(RMC)

**MOTION FOR PROTECTIVE ORDER**

In accordance with U.S. District Court for the District of Columbia Local Civil Rules 5.1(j) and 49.1 (h), Plaintiff Novelty Distributors, Inc. ("Novelty"), by counsel, hereby moves for a protective order to prevent from public disclosure confidential and proprietary information contained within Novelty's Motion Preliminary Injunction and the exhibits appended thereto. Good cause exists for this motion, as described in the attached Memorandum of Points and Authorities.

In accordance with Local Civil Rule 7(m), counsel for Plaintiff has attempted to confer with US Department of Justice attorneys regarding the relief sought by this motion. The case is not yet assigned to a staff attorney, however, since it was filed last week. Plaintiff counsel spoke with a Department of Justice staff attorney (not assigned to this case) to identify the attorney with whom she should confer and was unable to obtain that identification quickly. Plaintiff's counsel could not delay filing this motion further.

          Respectfully submitted,


          ____/s/_____
          Jonathan W. Emord, (DC Bar 407414)
          Andrea G. Ferrenz, (DC Bar 460512)
          Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Dated:  April 15, 2008

2

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**NOVELTY DISTRIBUTORS, INC.,**
**D/B/A GREENFIELD LABS,**

        **Plaintiff,**

v.

**Michele Leonhart,**
**In her official capacity as**
**Acting Administrator of the**
**Drug Enforcement Administration;**

        **Defendants.**

Case No. 08cv00635 (RMC)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**
**FOR PROTECTIVE ORDER**

    Plaintiff Novelty Distributors, Inc. ("Novelty") is an Indiana corporation that distributes and sells a wide variety of commercial goods to convenience stores throughout the United States. Novelty's unique product line includes novelty items, such as sunglasses, hats, key chains, and plush toys, as well over-the-counter (OTC) asthma and cough and cold remedies, defined as scheduled listed chemical products under relevant portions of the Controlled Substances Act, 21 U.S.C. § 801, et. seq, as amended by the Combat Methamphetamine Epidemic Act of 2005 (P.L 109-177). DEA requires distributors of scheduled listed chemical products to register with DEA. 21 U.S.C. § 824 (h).

    On January 27, 2008, the DEA Deputy Administrator issued an Order to Show Cause and Immediate Suspension of Registration of Novelty Distributors, d/b/a Greefield Labs (the DEA Order) certificate of registration as a distributor of List I Chemicals. After failed attempts to negotiate a resolution of this matter with DEA, on April 9, 2008,

Novelty filed suit in this Court, seeking declaratory and injunctive relief against DEA, including an order dissolving DEA's immediate suspension.  See 21 U.S.C.  824 (d) (providing for immediate suspension of registration in cases of "imminent danger," and allowing for the dissolution of such suspension by a "court of competent jurisdiction"); see also Norman Bridge Drug Company v. Banner, 529 F.2d 822, 824 (5th Cir. 1976) ("The plain language of this section [21 U.S.C. 824 (d)] means that one faced with becoming the victim of the harsh expedient of suspension without prior notice may resort to the appropriate district court in search of appropriate relief").  Novelty has also filed a Motion for Preliminary Injunction and a supporting Memorandum and related exhibits, that are the subject of this Motion for Protective Order.  The Motion for Preliminary Injunction and related exhibits contain confidential and proprietary business information regarding Novelty's business practices, its customers, and financial data.  Novelty respectfully requests that this Court issue an appropriate Protective Order that will prevent disclosure public disclosure of the confidential information contained in these documents.  Pursuant to the proposed protective order (a draft is attached), Novelty shall file redacted public versions of the motion, memo, and all accompanying documents for posting on the docket.

**A. The Content  Sought to be Protected from Public Disclosure Would, if Disclosed, Cause Real and Specific Harm to Novelty**

Under applicable precedent, this court must balance the common law right of access to public records and documents with the litigant's privacy interests in sensitive commercial information.  See e.g., Tavoulareas v. The Washington Post Co., 724 F.2d 1010, 1017-1018. (D.C. Cir. 1984).  In Tavoulareas, the court examined privacy interests

2

that overcome the presumption of openness in judicial proceedings, including privacy interests in commercial information, by examining the history of Fed. R. Civ. P. 26 (c). See id. at 1017-1018 (ordering district court to reinstate the seal on 3800 pages of deposition transcript never used at trial in the absence of a compelling interest supporting disclosure) ("The same statutory scheme that provides for public access to discovery materials acknowledges a litigant's privacy interests may require those materials to be sealed from the public… The Drafters of the Federal Rules specially provided that the presumption of openness is outweighed by a litigant's privacy interests in sensitive commercial information"). When a protective order has been issued for large numbers of documents, the proponent of confidentiality must show only that the disputed documents contain a given category of confidential information, and that the disclosure of that kind of information will harm the proponent's competitive position. Id. at 1024. A party seeking to protect such confidential information "must articulate specific facts to support its request and cannot rely on speculative or conclusory statements." Friends of the Earth v. United States Dep't of the Interior, 236 F.R.D. 91, 41 (D.D.C 2006). Once a litigant makes such a showing, it has established its constitutionally protected interest in avoiding disclosure of these documents. Tovoulareas at 1024. Just as justice requires protecting a party from the undue burden and expense of disclosing confidential business information to the other party under Fed. R. Civ. Pro. 26 (c)(7), justice also requires that Novelty be protected against public disclosure of such information to its competitors in pleadings that are essential to the fair resolution of its case.

In order to support adequately its Motion for Preliminary injunction, Novelty must necessarily disclose confidential business information to this Court. To warrant

3

preliminary injunctive relief, the moving party must show (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. <u>Chaplaincy of Full Gospel Churches v. England,</u> 372 U.S. App. D.C. 94 (D.C. Cir. 2006).  Within its Motion for Preliminary Injunction and the accompanying Memorandum, Novelty has made a strong showing for each element of this standard.  However, such a showing necessarily involves the disclosure of confidential business information.  This confidential proprietary business information is particularly relevant to a showing of likelihood of success on the merits, and critically relevant to a showing of the particularized and concrete harms Novelty faces as a result of DEA's suspension.  This information comes in the form of descriptions of Novelty's business practices, revenue data, and characterizations of Novelty's customers in both the Memorandum in Support of its Motion for Preliminary injunction, and the supporting exhibits.  These exhibits include affidavits from Novelty's key employees regarding the concrete and particularized harms Novelty has experienced and will continue to experience as a result of DEA's immediate suspension of its registration, including data on the amount of revenue Novelty stands to lose, and the size of its current inventory.  Those affidavits also reveal Novelty's proprietary distribution system and operating procedures for handling scheduled listed chemicals, information that would be invaluable to competitors.

   This information also includes characterizations of the size and extent of Novelty's customer lists, detailed descriptions of Novelty's business practices, and financial data.  Novelty operates in a highly competitive business environment, namely

4

the convenience store market.  It has numerous direct competitors that supply products in the same categories as Novelty.  The convenience stores that Novelty supplies have limited shelf space, preventing shelving of multiple products in the same category from different vendors, creating a highly competitive environment for distributors.   Novelty has substantially invested both money and effort over several years in its product materials, operational procedures, inventory, and distribution methods.  Novelty has held its proprietary information in strictest confidence, making it available only to key employees on a need to know basis and forbidding its disclosure to third parties.

Disclosure of Novelty's proprietary confidential business information would result in a clearly defined and very serious injury to its business, because such information provides insight into Novelty's finances, product line, current inventory, and distribution methods, all of which provide Novelty with a competitive advantage in its business.  Such information, in the hands of Novelty's competitors, will reduce Novelty's competitive advantage, allowing those competitors the opportunity to replace Novelty in servicing Novelty customers.  Disclosure of such confidential information will also provide vendors and customers with a new competitive advantage in negotiating future business relationships with Novelty.

Furthermore, disclosure of this confidential business information--which Novelty has heretofore consistently protected from public -- would add to the significant and concrete harm to its business that Novelty seeks to prevent by seeking declaratory and injunctive relief in this case.  Novelty has consistently sought and been granted protective orders in its expedited administrative hearing before DEA, in accordance with exception (b)(4) to the Freedom of Information Act.  5 U.S.C. §552 (b)(4) (justifying nondisclosure

5

of "matters that are (4) trade secrets and commercial or financial information obtained from a person and privileged and confidential"). Any remedy that this Court may provide in protecting Novelty from DEA's immediate suspension of its registration could be completely vitiated by a competitor's use of Novelty's confidential business information to gain a competitive advantage.

### B. This Court Has Wide Discretion in Managing Discovery and May Take Reasonable Protective Measures to Minimize the Effect on the Party Making the Disclosure

Fed. R. Civ. P. 26 (c) describes the process whereby a party may move for a protective order to protect confidential information, and may request that such trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way. This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Klayman v. Judicial Watch, Inc., 2007 U.S. Dist. LEXIS 88044 (D.D.C. 2007) (granting in part Defendant's motion for a protective order, and entering an order limiting the use of any information obtained during discovery in the matter to the strict context of the litigation and requiring any party seeking to use discovery information for other purposes to apply for and obtain permission from the Court before doing so). "In crafting a protective order, a court may 'limit the conditions, time, place, or topics of discovery; or limit the manner in which a trade secret or other confidential, research development, or commercial information may be revealed." Id. at 88044 (citing Burka v. United States Dep't of Health and Human Servs., 318 U.S. App. D.C. 374 (D.C. Cir. 1996); See also Diamond Ventures v. Barreto, 452 F.3d 892 (overturning a protective order which allowed a competitor access to information that the agency had

6

successfully invoked FOI Exemption 4 to protect).  In <u>Diamond Ventures</u>, the court noted that the district court has wide discretion in managing discovery; must undertake a balancing of interests; and must determine "reasonable protective measures…to minimize the effect on the party making the disclosure" of confidential information ."  <u>Id.</u> at 898 (citing 8 Wright and Miller, Federal Practice and Procedure §2043 (2d ed. 1987)).

      Because the public disclosure of certain confidential and proprietary business information in Novelty's pleadings and associated exhibits would greatly harm Novelty's competitive position in a very competitive business, good cause supports the granting of a protective order preventing public disclosure of such documents.  Therefore, Novelty respectfully requests that the court issue a narrowly tailored protective order denying public access to unredacted versions of pleadings containing confidential and proprietary information and allowing Novelty to submit for public disclosure versions of those same pleadings that redact the confidential and proprietary information.

      Respectfully submitted,

_____
Jonathan W. Emord, (DC Bar 407414)
Andrea G. Ferrenz, (DC Bar 460512)
Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Dated:  April 15, 2008

7

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOVELTY DISTRIBUTORS, INC.,**<br>**D/B/A GREENFIELD LABS,**<br>　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**MICHELE LEONHART,**<br>**In her official capacity as**<br>**Acting Administrator of the**<br>**Drug Enforcement Administration; et al**<br><br>　　　　　　　**Defendants.** | Case No. 08cv00635 (RMC) |

# DRAFT ORDER

Upon consideration of Plaintiff's Motion for a Protective Order, this Court finds good cause exists to grant a protective order limiting public disclosure of confidential and proprietary business information, defined as "trade secret or other confidential research, development, or commercial information."

**ORDERED** that Novelty's Motion for Preliminary Injunction, Memorandum In Support of its Motion for Preliminary Injunction and the exhibits and attachments thereto be protected from public disclosure and allowing Novelty to submit for public disclosure versions of those same pleadings that redact the confidential and proprietary information.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

Date: