UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOVELTY DISTRIBUTORS, INC.,**<br>**D/B/A GREENFIELD LABS,**<br>      **Plaintiff,**<br><br>v.<br><br>**MICHELE LEONHART,**<br>In her official capacity as<br>Acting Administrator of the<br>Drug Enforcement Administration; et al,<br><br>      **Defendants.** | Case No. 08cv00635 (RMC) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT AND TO EXTEND THE TIME TO RESPOND TO NOVELTY'S COMPLAINT

### INTRODUCTION

  Plaintiff Novelty Distributors, Inc. ("Novelty"), by counsel and pursuant to Local Civil Rule 7(b), hereby opposes the Government's Motion to Stay Summary Judgment and to Extend the Time to Respond to Novelty's Complaint. At the outset, Novelty acknowledges that it erroneously filed its motion for partial summary judgment one day early and agrees that the Government should be afforded one additional day to respond to that motion. However, the Government will suffer no undue burden by having to respond to Novelty's complaint and motion for summary judgment in the time contemplated by the rules. Novelty's prior restraint claim, the subject of the partial summary judgment motion, is segregable from the remainder of Novelty's claims and may properly be considered by this Court on its own. Furthermore, because a First Amendment prior restraint is involved, the Court must act promptly as our Supreme Court and this court have demanded in other prior restraint cases. See New York Times Co. v. United States,

403 U.S. 713 (1971); <u>Stillman v. DOD</u>, 209 F. Supp. 2d 185, 231 (D.D.C. 2002)(Plaintiff's First Amendment claims were "entitled to expedited consideration by this Court") (rev'd on other grounds, <u>Stillman v. CIA</u>, 319 F.3d 546, 547 (D.C. Cir. 2003)).

## ARGUMENT

**I. Consistent with precedent, Novelty's early filing of its motion does not warrant dismissal but, rather, an extension of time equal to the period of premature filing, i.e., one day**

Novelty filed its motion for summary judgment one day before the first date for so doing under Federal Rule of Civil Procedure (FRCivP) 56(a). Under the rule, a party may move for summary judgment "after the expiration of 20 days from the commencement of the action." An action commences when a complaint is filed with the court. FRCivP 3. This action was commenced on April 9, 2008, when Novelty filed its complaint. Therefore, the earliest date on which Novelty could have filed its motion for summary judgment would have been April 29, 2008. Novelty filed its motion for summary judgment on April 28. Novelty erred by filing its motion one day early. The remedy, however, is not denial of the motion but simply to add to the Government's response time the one day needed to ensure compliance with the rule. <u>See</u> <u>New York v. United States</u>, 869 F. Supp. 10, 12, n. 1 (D.D.C. 1994). Novelty fully agrees to that one day extension and regrets that the filing occurred one day before it should have. Novelty therefore seeks leave, albeit late, for the submission one day early and asks that the Government be afforded one additional day for response. Denial of the motion for premature filing invites immediate refiling (now that the days required for submission have passed) and would appear to elevate form over substance.

2

**II. Courts do not stay proceedings in which First Amendment prior restraint violations are in issue.**

Novelty's motion presents the Court with a classic prior restraint of fully protected speech by agents of the federal government. The entire motion is focused on that prior restraint. In brief, the motion informs the Court that agents of the Drug Enforcement Administration forcibly removed video recording equipment from Plaintiff and forbad its use to record execution of an administrative warrant. The action, which could recur upon the very next DEA inspection, denied Novelty the right to make a contemporaneous record of false accusations, an unfounded threat of arrest, and unreasonable mass document production demands. Novelty has an undoubted First Amendment right to record unobtrusively the actions of federal agents on its premises. Prior restraints of comparable ilk have been viewed as warranting prompt action by the federal courts in cases of great First Amendment celebrity, including the landmark New York times Pentagon papers case (wherein the Court compelled immediate resolution of issues and prompt appeals, ordering that the case proceed for ultimate resolution with haste). New York Times, 403 U.S. 713; see also Stillman v. DOD, 209 F. Supp. 2d 185, 231. Thus, in the face of direct evidence of the First Amendment prior restraint, this case of constitutional magnitude must proceed promptly to judgment. The need for resolution of the First Amendment prior restraint issue is of constitutional magnitude and requires immediacy. The First Amendment interest in immediate resolution counterweighs substantially Government counsel's desire for more time and argument of inconvenience.

Novelty's motion for partial summary judgment seeks a declaration of its rights in light of the Government's prior restraint in violation of the First Amendment. Federal courts do not delay but instead hasten resolution of prior restraint cases, even to the

3

extent of causing appeals to proceed expeditiously through to the Supreme Court. See New York Times, 403 U.S. 713, 753-755 (the two cases combined in this decision were heard in their respective district courts on June 18 and 21, the two courts of appeals rendered judgments on June 23, and the Supreme Court heard oral argument on June 26 before rendering its decision on June 30, 1971.) The Supreme Court also "presume[s] that courts are aware of the constitutional need to avoid 'undue delay result[ing] in the unconstitutional suppression of protected speech.'" City of Littleton v. Z.J. Gifts D-4, L.L.C. 541 U.S. 774, 782 (2004)(citations omitted).

### III. The Government will suffer no hardship in responding to the motion for summary judgment before the court rules on issues of jurisdiction.

The First Amendment issue is one for which standing exists as a matter of constitutional law. See Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982); A.N.S.W.E.R. Coalition v. Kempthorne, 493 F. Supp. 2d 34, 45 (D.D.C. 2007).

Even were this case other than a direct First Amendment challenge, the Government would still be required to show a "clear case of hardship or inequity" before being granted a stay of Novelty's motion for partial summary judgment. The Supreme Court expressed that one seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis v. North America Co., 299 U.S. 248, 255 (1936). Instead, the Government asks for the stay "[b]ecause it is more sensible and efficient to address the jurisdictional issues defendant will raise in their motion to dismiss . . ." Government Motion at 2. That is not the standard. The

4

Government also indicates it will be burdened by being asked "to brief and respond to Novelty's motion for a preliminary injunction and its motion for partial summary judgment virtually simultaneously . . . ." Id. (That argument, if ever it was valid, is now rendered moot by the fact that the Government has already responded to the motion for preliminary injunction filed by Novelty). The reasons offered by the Government are insufficient to support the Government's motion under Landis.

The Federal Rules of Civil Procedure define when a party may seek a stay of a summary judgment motion: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." FRCivP 56(f); see also Bangoura v. United States Dep't of the Army, 2006 U.S. Dist. LEXIS 93149 (D.D.C. Dec. 8, 2006). The Government has failed to meet the FRCivP 56(f) criteria. Indeed, it does not even reference, let alone present argument under, those criteria in its motion, thus forfeiting that opportunity.

The Government does not argue that it needs discovery or other opportunity to develop facts nor could it, reasonably, because the facts in question have been adduced in a full hearing at the DEA where cross-examination by the Government was fully afforded. Instead, its argument for a stay is simply for its own convenience, despite the pre-eminent constitutional issue Novelty's motion presents.

While "the power to stay proceedings is incidental to the power inherent in every Court to control the disposition of causes on its docket . . . ," In re National Student Marketing Litigation, 1973 U.S. Dist. LEXIS 13904 (D.D.C. 1973) (quoting Landis, 299

5

U.S. at 254), such orders require the party seeking the stay to show a significant burden in the status quo. Gordon v. Miami Nat'l Bank, 406 F.2d 660 (D.C. Cir. 1968) (Court acted properly by denying defendant's motion to stay summary judgment proceedings where defendant sought the stay pending termination of a criminal action involving the same subject matter). In this case, the Government has not shown that it will suffer "a clear case of hardship" by having to respond to Novelty's motion for summary judgment. Its request does not satisfy the requirements of this Court. Therefore, even were a First Amendment prior restraint not present (i.e., even were there no constitutional necessity for immediacy), the motion for stay would fail to meet the Court's standard.

**IV. The Government has not shown good cause to extend the time to respond to Novelty's complaint, and Novelty will be prejudiced by a delay.**

The Government has likewise failed to show sufficient good cause for its motion to extend the time to respond to Novelty's complaint. This is not a case where a defendant is unsophisticated or unrepresented. See Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 160 (D.D.C. 2002). Unlike the circumstances in Day, granting the Government's motion in this case would "prejudice the plaintiff" and "interfere with the fair and efficient administration of justice." Id. (citation omitted). Novelty has alleged imposition of a prior restraint by the DEA in violation of Novelty's First Amendment rights. In this circumstance, this Court is constitutionally required, by apposite precedent, not to "countenance undue delays." Id.

**V. The issue in Novelty's motion for partial summary judgment is segregable from other issues.**

The Government argues, in one conclusory sentence, that the Court and parties would be unnecessarily burdened by "deal[ing] with Novelty's claims in piecemeal fashion." Government Motion at 2. That assertion is not supported by the law or facts.

FRCivP 56(a) allows a party to move for summary judgment "upon all or any part" of a claim. Where the question at issue in a motion for partial summary judgment is "completely self-contained and wholly segregable from the other issues in the case," as here with a motion for summary judgment limited to the First Amendment prior restraint in issue, a party may appropriately seek relief by a motion for partial summary judgment. See Friends of Earth v. Potomac Electric Power Co., 419 F. Supp. 528, 532 (D.D.C. 1976). There is no undue burden imposed on the Court or the Government by Novelty's motion. The issue of a First Amendment prior restraint is plainly segregable from other aspects of this case. The issue is not intertwined with them and thus permits consideration of the motion for summary judgment without affecting consideration of the suspension order briefing.

## CONCLUSION

For the foregoing reasons, the Government's motion should be denied except to allow it one additional day to respond to Novelty's motion for summary judgment.

Respectfully Submitted,

_____/s/_____
Jonathan W. Emord, (DC Bar 407414)
Andrea G. Ferrenz, (DC Bar 460512)
Nathaniel H. Wadsworth
Attorneys for Plaintiff

7

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Dated:  May 15, 2008

Case 1:08-cv-00635-RMC    Document 25    Filed 05/15/2008    Page 8 of 8

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**NOVELTY DISTRIBUTORS, INC.,**
**D/B/A GREENFIELD LABS,**

         **Plaintiff,**

  v.                               Case No. 08cv00635(RMC)

**Michele Leonhart,**
**In her official capacity as**
**Acting Administrator of the**
**Drug Enforcement Administration, et al,**

         **Defendants.**

## CERTIFICATE OF SERVICE

I, Jonathan W. Emord, on May 15, 2008, caused to be served by overnight mail Novelty's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Stay Summary Judgment and to Extend the Time to Respond to Novelty's Complaint on counsel for the Defendants at the below address:

Lee Reeves
US Department of Justice
Federal Programs Branch
Civil Division
20 Massachusetts Ave., NW, Room 7109
Washington DC 20530

_____/s/_____
Jonathan W. Emord

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC., D/B/A GREENFIELD LABS, **Plaintiff,** v. MICHELE LEONHART, In her official capacity as Acting Administrator of the Drug Enforcement Administration; et al **Defendants.** | Case No. 08cv00635 (RMC) |

**PROPOSED ORDER**

Upon consideration of Defendants' Motion to Stay Summary Judgment Pending Defendants' Response to Plaintiff's Complaint and to Extend the Time to Respond to Plaintiff's Complaint, and Plaintiff's Opposition thereto, it is hereby

ORDERED, that the motion is DENIED.

It is further ORDERED, that Defendants be granted one additional day for filing Defendants' opposition to Plaintiff's motion for summary judgment.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT COURT

Date: