UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NOVELTY DISTRIBUTORS, INC., <br> D/B/A GREENFIELD LABS, <br><br> Plaintiff, <br><br> v. <br><br> MICHELE LEONHART, <br> In her official capacity as Acting Administrator <br> of the Drug Enforcement Administration, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. CV 08-00635 (RMC) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY SUMMARY JUDGMENT PENDING DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT AND TO EXTEND THE TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

In our opening motion, defendants Drug Enforcement Administration, Acting Administrator Michele Leonhart, Attorney General Michael Mukasey, United States Department of Justice, and United States of America (collectively "defendants") argued that this Court should stay plaintiff Novelty Distributors' ("Novelty" or "plaintiff") motion for partial summary judgment pending resolution of defendants' motion to dismiss, and should grant defendants a thirty (30) day extension of time to respond to plaintiff's complaint. Novelty responds that a stay is unwarranted because, in Novelty's view, "the Government will suffer no hardship in responding to the motion for summary judgment before the court rules on issues of jurisdiction." Pl. Mem. at 4. Novelty could not be more wrong. Defendants anticipate filing a motion to dismiss *all* claims for lack of jurisdiction, including Novelty's First Amendment claim.[1] The

---

[1] Defendants did not address Novelty's First Amendment claim in our opposition to Novelty's motion for a preliminary injunction because Novelty did not seek injunctive relief on

hardship defendants seek to avoid is having to brief a motion that may prove unnecessary. If this Court were to grant defendants' motion to dismiss in its entirety, defendants obviously would not have to respond to Novelty's motion for summary judgment on a single claim. Accordingly, principles of judicial economy counsel in favor of staying plaintiff's motion for summary judgment.[2]

More importantly, it is well settled that matters of jurisdiction must be resolved at the outset. As the D.C. Circuit has held, "'Article III jurisdiction is always an antecedent question' to be answered prior to any merits inquiry." *Public Citizen v. U.S. Dist. Court for Dist. of Columbia*, 486 F.3d 1342, 1346 (D.C. Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998)). The primary question that must be resolved first is whether jurisdiction lies in this Court, or lies exclusively in the court of appeals. Novelty, for its part, simply assumes its conclusion that jurisdiction is proper over its First Amendment claims in this Court. *See, e.g.*, Pl. Mem. at 4, 7 (asserting that Novelty's First Amendment claim "is one for which standing exists as a matter of constitutional law" and that Novelty's claim "is plainly segregable from other aspects of this case"). Novelty's self-serving, conclusory assertions do not change the fact that defendants must be given an opportunity to be heard regarding, and this Court must resolve, the threshold jurisdictional question before reaching the merits of Novelty's First Amendment claim. Accordingly, a stay of Novelty's motion for partial summary judgment

---

that basis.

[2]Novelty also seizes on the fact that "[t]he Government does not argue that it needs discovery or other opportunity to develop facts nor could it, reasonably, because the facts in question have been adduced in a full hearing at the DEA . . . ." Pl. Mem. at 5. But it is entirely unsurprising that the Government would not seek discovery prior to resolving threshold jurisdictional questions.

is proper pending this Court's resolution of defendants' motion to dismiss.

As for defendants' request for an extension of time to respond to Novelty's complaint, we argued in our opening motion that an extension of time of thirty (30) days was warranted because "defendants' efforts to date have focused on responding to Novelty's emergency motion for injunctive relief" and because "undersigned counsel anticipates traveling for unrelated work matters from approximately June 8 through June 12." Def. Opening Mem. at 2. Novelty responds that the Government's "convenience" must yield to the "pre-eminent [sic] constitutional issue Novelty's motion presents." Pl. Mem. at 5. Urgency is imperative, Novelty maintains, because DEA's alleged refusal to allow Novelty to videotape the execution of an administrative inspection warrant "could recur upon the very next DEA inspection." Pl. Mem. at 3. Novelty ignores the obvious fact that DEA has no reason to inspect Novelty at this point. Absent a reinstatement of Novelty's registration, Novelty is out of the business of distributing ephedrine and pseudoephedrine. "Next time," if it ever comes, certainly will not be coming anytime so soon so as to warrant denying defendants an additional thirty days to respond to Novelty's complaint. Accordingly, Novelty has failed to demonstrate that it will suffer any prejudice by extending defendants' time to respond to the complaint until July 9.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court issue:

(i) A stay of Novelty's summary judgment motion pending the resolution of defendants' response to the complaint;

(ii) An extension of time of thirty (30) days to file the motion to dismiss

Novelty's complaint until July 9, 2008.

                                       Respectfully submitted,

                                       JEFFREY A. TAYLOR
                                       United States Attorney

                                       GREGORY G. KATSAS
                                       Acting Assistant Attorney General

                                       ARTHUR R. GOLDBERG
                                       Assistant Director
                                       Federal Programs Branch

                                                 /s/
                                       C. LEE REEVES
                                       Department of Justice, Federal Programs Branch
                                       20 Massachusetts Avenue, N.W., Room 7109
                                       Washington, D.C. 20530
                                       Tel: 202-514-4805
                                       Fax: 202-616-8470
                                       *Attorneys for Defendant*