UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NOVELTY DISTRIBUTORS, INC., <br> D/B/A GREENFIELD LABS, <br><br> Plaintiff, <br><br> v. <br><br> MICHELE LEONHART, <br> In her official capacity as Acting Administrator <br> of the Drug Enforcement Administration, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. CV 08-00635 (RMC) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION[1] FOR EXPEDITED
CONSIDERATION OF PLAINTIFF'S PRELIMINARY INJUNCTION MOTION**

In an April 18, 2008 teleconference, Novelty, by counsel, informed the Court that it was not seeking expedited review of its motion for a preliminary injunction, but instead was requesting to brief the motion pursuant to Federal Rule of Civil Procedure 7. Now, by motion dated May 23, 2008, and after its preliminary injunction motion has been fully briefed, Novelty requests expedited consideration of its preliminary injunction motion.[2]

---

[1] Novelty also requested to supplement the record, a request to which defendants had no objection. As this Court has granted that aspect of Novelty's motion by Order dated May 27, 2008, that aspect of Novelty's motion is now moot.

[2] On June 2, 2008, plaintiff filed yet another motion, which it titled "Plaintiff's Motion For Summary Judgment On The Issue of Jurisdiction, Or, In the Absence Thereof, For Immediate Transfer To The U.S. Court Of Appeals For the D.C. Circuit." Notwithstanding how Novelty has styled this motion, it is essentially a second motion for expedited consideration of its preliminary injunction motion filed (i) without any attempt at consultation with defendants' counsel, and (ii) before defendants have responded to plaintiff's first motion for expedited consideration.

Defendants will respond to the latest motion within the time permitted under this Court's

Defendants, for our part, express no opinion on how quickly this Court should decide this fully briefed motion other than to say that Novelty's articulated reason for expedited consideration is insufficient. The sole basis for Novelty's change of heart[3] is a non-final agency recommendation by a DEA administrative law judge ("ALJ") that the Suspension Order not be made permanent. This recommendation is irrelevant to the principal issue in Novelty's preliminary injunction motion, and therefore does not support Novelty's request for expedition.

---

local rules — unless the Court determines that no further response is required. (Plaintiff has briefed the question of jurisdiction for the *fourth* time in its most recent filing, and defendants believe that this issue is fully addressed in both our opposition to the preliminary injunction motion and in our motion to dismiss filed contemporaneously with this motion.). *See* Pl. Mem. at 5-13; *see also* Novelty Reply to Def. Opp. to Pl. Mot. For Preliminary Injunction at 2-4; Pl. Mem. in Support of Mot. For Summary Judgment on Count Three Of The Complaint at 5-6; Pl. Mem. in Support of Mot. To Expedite Consideration of Preliminary Injunction Mot. at 5-6 (all addressing jurisdictional issue). For now, defendants simply wish to point out that Novelty's apparent contention that defendants have somehow delayed consideration of the motion for preliminary injunction is completely misguided. The question of when defendants' motion to dismiss the complaint on jurisdictional grounds is filed has no bearing whatsoever on the resolution of the pending motion for preliminary injunction, and contrary to Novelty's newest assertion, defendants have never insisted that this Court delay acting on the preliminary injunction motion until its motion to dismiss has been filed.

[3]In view of Novelty's rush to embrace the ALJ's recommended decision, it is hard to see how Novelty could still persist in its allegations that a hearing before the DEA would violate "Novelty's Due Process Rights because of undue prejudgment bias." *Compare* Compl. ¶ 51; Compl. ¶ 48 (seeking declaration that DEA unlawfully failed "to provide a fair and impartial hearing") *with* Pl. Mem. at 7 (opining that the "recent ALJ decision represents an unbiased ratification of Novelty's evidence that it presents no imminent danger to the public health or safety"); *id.* at 10 (asserting that "that DEA's own administrative law judge independently determined and confirmed that Novelty's continued registration does not pose an imminent danger to the public health or safety"). In defendants' view, Novelty's wholesale reversal of position with respect to the fairness of the agency review process makes clear that there is no live controversy between the parties on this point. Accordingly, this Court must dismiss these requests for declaratory and injunctive relief for lack of standing. *Coalition of Airline Pilots Associations v. F.A.A.*, 370 F.3d 1184, 1189 (D.C. Cir. 2004) ("Article III, section 2 of the Constitution limits federal court jurisdiction to cases or controversies, meaning that a live controversy must exist at all stages of review.") (internal quotations omitted).

As we explained in our opposition to Novelty's motion for a preliminary injunction, and notwithstanding Novelty's argument to the contrary, the issue before the Court with respect to Novelty's likelihood of success on the merits is *not* whether Novelty will prevail in its administrative appeal of its suspension. *See* Def. Response to Pl. Mot. for Preliminary Injunction at 21-24. The issue, rather, is whether DEA acted arbitrarily and capriciously in exercising its discretion to suspend Novelty pursuant to § 21 U.S.C. 824(d). While the ALJ recommended that DEA and Novelty continue their "teamwork" — and thus not make the initial suspension permanent — ALJ Rec. Dec. at 101, there is nothing whatsoever in the ALJ's recommended decision to suggest that DEA improperly exercised its discretion in suspending Novelty's registration pursuant to § 824(d). To the contrary, the ALJ repeatedly made clear that there were numerous facts supporting the DEA's suspension decision at the time it made its initial suspension determination.[4] For example, the ALJ found:

> (i) that the records Novelty produced to DEA "appear to reveal significant overages and shortages of SLC products" (ALJ Rec. Dec. at 99);
>
> (ii) that it was "significant" that Novelty's "suppliers' summaries did not match [Novelty's] purchase records for purchases made during the audit time period" (ALJ Rec. Dec. at 87, n.37);

---

[4]In its supporting memorandum, Novelty repeatedly mischaracterizes the ALJ's recommended decision. *See* Pl. Mem. at 2 (asserting that "the ALJ has rejected all factual argument that Novelty's distribution of product presents an imminent danger to the public health or safety"); *id.* at 4-5 (asserting that "the Decision finds no basis to credit any facts that alleged Novelty would present an imminent danger to the public health and safety"). A fair reading of the ALJ's decision reveals numerous findings supporting DEA's initial suspension decision. *See generally* ALJ Rec. Dec. at 83-92 (concluding that DEA had carried its burden to show that Novelty failed to enact sufficient safeguards to prevent unlawful diversion and that Novelty had failed to comply with applicable legal requirements).

(iii) that the records Novelty produced to DEA "appear to indicate that the Respondent improperly sold tablets and bottled SLC products, and sold SLC products to stores that were not self-certified" (ALJ Rec. Dec. at 99);

(iv) that Novelty's practice of storing controlled substances at unregistered drop off points "appeared to blatantly disobey a DEA directive," and that Novelty's obstinance "continues to cause concern" (ALJ Rec. Dec. at 90, 100);

(v) that Novelty's "lack of accountability" with respect to distribution and inability to track controlled substances it distributed was "troubling" (ALJ Rec. Dec. at 85);

(vi) that Novelty's "recordkeeping is not adequate to conduct an effective audit of its SLC products" (ALJ Rec. Dec. at 88);

(vii) that it was "troubling" that the data provided by [Novelty] established that sales transactions over the [single-purchase volume] limit occurred 85 times between January and July of 2007, a fact which "calls into question the deterrent effect of this sales limitation" (ALJ Rec. Dec. at 88-89); and

(viii) that Novelty employees received higher commissions on sales of controlled substances, giving Novelty employees "an economic motive to sell as much of [certain controlled substances] as possible, and thereby exacerbating the problems caused by Novelty salespersons' "somewhat questionable enforcement" of single-purchase volume limits (ALJ Rec. Dec. at 89).

All in all, the ALJ concluded that DEA had carried its burden to show that Novelty had defaulted on its obligation to prevent unlawful diversion of its products and on its obligation to comply with applicable federal, state, and local law, and that both of these factors cut in favor of revocation. *See* ALJ Rec. Dec. at 89, 92. While the ALJ ultimately did not recommend permanently suspending Novelty's registration, it in no way follows from this that DEA's initial suspension decision was so misguided as to qualify as arbitrary or capricious. If anything, the numerous factual findings the ALJ made supporting DEA's request for revocation further

underscore that Novelty cannot make the requisite showing of success as to DEA's initial suspension decision. In short, the ALJ recommendation that Novelty has brought to the Court's attention fails to demonstrate that its likelihood of success on the merits has changed (let alone for the better), nor does this development support expedited consideration of its preliminary injunction motion.[5]

## CONCLUSION

In view of the fact that the motion for preliminary injunction has been fully briefed, defendants defer to the Court on when it will address this motion.

Dated: June 5, 2008

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

_____/s/_____
C. LEE REEVES
Department of Justice, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530
Tel: 202-514-4805
Fax: 202-616-8470
*Attorneys for Defendant*

---

[5]Novelty inexplicably reargues the jurisdictional issue in its supporting memorandum. *See* Pl. Mem. at 5-6. Whether jurisdiction is proper in this Court is also wholly unrelated to whether this Court should expedite consideration of Novelty's preliminary injunction motion.