UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NOVELTY DISTRIBUTORS, INC., <br> D/B/A GREENFIELD LABS, <br><br> Plaintiff, <br><br> v. <br><br> MICHELE LEONHART, <br> In her official capacity as Acting Administrator <br> of the Drug Enforcement Administration, *et al.*, <br><br> Defendants. | No. CV 08-00635 (RMC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ON THE ISSUE OF JURISDICTION OR, IN THE ABSENCE THEREOF,
FOR IMMEDIATE TRANSFER TO THE U.S. COURT OF APPEALS FOR THE D.C.
CIRCUIT[1]**

**INTRODUCTION**

Defendants oppose in part Plaintiff's Motion for Summary Judgment on the Issue of Jurisdiction or, in the Absence Thereof, for Immediate Transfer to the U.S. Court of Appeals for the D.C. Circuit for two reasons. First, plaintiff's motion, when viewed in its totality, is actually a second motion requesting expedition of a decision on its motion for a preliminary injunction. On that basis alone, the motion should be denied. Second, to the extent that plaintiff does brief the question of the district court's jurisdiction over its challenge to the DEA's decisionmaking, that issue has been briefed twice already. Plaintiff raises no new issues in its so-called Motion for Summary Judgment and defendants have briefed these identical issues twice already – once in

---

[1] By Order dated June 5, 2008, this Court ordered defendants to show cause why the Court should not grant plaintiff's motion for summary judgment as to jurisdiction. This filing responds both to plaintiff's motion and to this Court's show cause Order.

our opposition to plaintiff's motion for a preliminary injunction and again in our motion to dismiss. Accordingly, defendants hereby incorporate by reference those sections of our previous briefs on the issue of jurisdiction and request that this Court deny plaintiff's motion.

As for plaintiff's alternative request for relief, defendants have no objection to transferring this case to the D.C. Circuit so that plaintiff can pursue his request for a preliminary injunction there.[2]

## BACKGROUND

By motion dated June 2, 2008, Novelty moved this Court for summary judgment as to the issue of jurisdiction. As of the time Novelty filed this motion, the parties had fully completed briefing on the jurisdictional issues raised by Novelty's preliminary injunction motion, and defendants have now briefed the jurisdictional issues in the motion to dismiss filed on June 5, 2008. Given these prior filings, and given that plaintiff's latest motion raises no new points on this issue, defendants respectfully submit that there is no need to brief this issue for a third time.

## ARGUMENT

**I.    PLAINTIFF'S JURISDICTIONAL MOTION IS REALLY A SECOND MOTION FOR EXPEDITED CONSIDERATION OF ITS PRELIMINARY INJUNCTION MOTION**

Further briefing on the jurisdictional issue is unwarranted because Novelty's motion for summary judgment is not what it purports to be. Although nominally styled as a motion for summary judgment on the issue of jurisdiction, the motion is in reality a second motion to expedite consideration of Novelty's preliminary injunction motion. Indeed, Novelty essentially

---

[2]Of course, defendants continue to maintain our same objections as to the merits of plaintiff's request for injunctive relief.

admits as much. Novelty asserts that it "cannot await the pleading cycle on the Government's still distant motion to dismiss[3] [and] therefore files this motion for partial summary judgment on the issue of jurisdiction in an effort to bring about a resolution of that issue at the earliest possible moment, thus permitting action on the underlying motion for preliminary injunction before it suffers extraordinary financial loss . . . ." Novelty Mem. in Support of Mot. at 3. But the "resolution" plaintiff seeks is not a completion of briefing at all, as Novelty freely admits that the jurisdictional issues are "fully briefed." *Id.* at 15; *see also id.* at 6 ("The issue of jurisdiction has been fully briefed before this court."). Rather, what plaintiff seeks is for this Court to act on its preliminary injunction motion. Re-briefing the question of jurisdiction is merely an excuse plaintiff has employed to renew its request for expedition.

The fact that this is really another request for expedited consideration of Novelty's preliminary injunction motion is further evidenced by the so-called material facts Novelty presents in support of its motion. Novelty Mem. in Support of Mot. at 3-5. These facts all relate solely to the issue of plaintiff's alleged irreparable harm, and have nothing whatsoever to do with jurisdiction.[4] Moreover, most of Novelty's arguments are devoted to the question of irreparable harm. *Id.* at 6-7; 14-15. This Court therefore should construe this request for what it is — a second request for expedited consideration of its preliminary injunction motion.

---

[3]As of the time Novelty filed this motion, the Government's "still distant" response to the Complaint — which has now been filed — was due seven just days later, on June 9. Defendants had sought an extension of time to respond to the complaint in light of the burden of having to respond to the other motions filed by Novelty. Because the Court did not rule on this requested extension, defendants filed the motion to dismiss.

[4]If these facts actually related to jurisdiction, defendants would need discovery. Because they do not, however, jurisdictional discovery is unnecessary.

Indeed, it is in this context that Novelty accuses defendants of being responsible for the delay in resolving its motion for preliminary injunction by taking the position that Novelty's motion is unripe pending further jurisdictional briefing. Novelty Mem. in Support of Mot. at 6-7; 14-15. The record clearly reflects, however, that defendants have never argued anything of the sort. Novelty's misimpression stems from its apparent belief that defendants argued that this Court must delay ruling on plaintiff's preliminary injunction motion pending the filing of a response to the complaint. This, too, is manufactured out of whole cloth.[5] As stated in defendants' response to Novelty's motion to expedite consideration of its preliminary injunction motion, defendants take no position on when this Court should decide plaintiff's preliminary injunction motion except, as defendants pointed out, that plaintiff's proffered reason for expedition — a non-final ALJ decision that does not address the precise legal question presented by plaintiff's preliminary injunction request (*i.e.*, whether the DEA's *initial, pre-hearing* determination that Novelty's continued operation posed an "imminent danger to the public health or safety" was arbitrary and capricious) — did not warrant this Court's altering the speed with which it would otherwise decide the preliminary injunction motion. *See* Def. Response to Pl. Mot. For Expedited Consideration at 5.

---

[5]While defendants did move for an extension of time to respond to Novelty's complaint, defendants never argued that the timing of this Court's resolution of Novelty's preliminary injunction motion was contingent on either the filing or the resolution of defendants' response to the complaint.

## II.   BECAUSE JURISDICTION IS PROPER ONLY IN THE COURT OF APPEALS, SUMMARY JUDGMENT AS TO JURISDICTION IS SHOULD BE DENIED

As defendants explained in our opposition to plaintiff's preliminary injunction motion[6] and in the motion to dismiss, jurisdiction over DEA actions is proper only in the courts of appeals. The statutory provision providing for judicial review of immediate suspension orders issued pursuant to 21 U.S.C. § 824(d) "in a court of competent jurisdiction" must be read in conjunction with 21 U.S.C. § 877, which provides for direct review of DEA agency action in the courts of appeals. *See* Mem. in Support of Def. Mot. to Dismiss at 8-13; Def. Resp. to Pl. Mot. for Preliminary Injunction at 9-12. Because the review process Congress designed does not involve district courts, plaintiff's proffered interpretation of § 824(d) renders it in direct conflict with § 877, particularly given that there is not even an allegation that the courts of appeals could not provide Novelty with the preliminary relief it seeks. *See* Mem. in Support of Def. Mot. to Dismiss at 10-11; Def. Resp. to Pl. Mot. for Preliminary Injunction at 11-12.

Furthermore, given that the court of appeals indisputably will have exclusive jurisdiction to review the DEA's final determination as to Novelty's suspension, this Court's assertion of jurisdiction would introduce the possibility of duplicative and conflicting review. *See* Mem. in Support of Def. Mot. to Dismiss at 11-13; Def. Resp. to Pl. Mot. for Preliminary Injunction at 12-14. In its various filings in which it has addressed jurisdiction, Novelty does not even attempt to justify the undesirable consequences of the bifurcated system of review it urges.

Jurisdiction is similarly lacking over Novelty's First Amendment claim because it arises

---

[6] Whether jurisdiction is proper in this Court relates to whether plaintiff has shown a likelihood of success on the merits, and therefore must be considered as part of the Court's preliminary injunction determination.

out of the same administrative inspection that led to the suspension decision review of which is the exclusive province of the courts of appeals. *See* Mem. in Support of Def. Mot. to Dismiss at 13-16. Setting aside Novelty's impermissible attempt to split its cause of action, jurisdiction would not be proper over Novelty's First Amendment claim in any case because Novelty does not have a First Amendment right to videotape internal DEA deliberations, and because a favorable decision would not redress the injury that led to this lawsuit in the first place (*i.e.*, DEA's suspension of Novelty's registration). *See id.* at 16-20.

## CONCLUSION

For the foregoing reasons, defendants:

1. Take no position on plaintiff's request for expedited consideration of its preliminary injunction motion;

2. Oppose plaintiff's motion for summary judgment as to the issue of jurisdiction, which therefore should be denied; and

3. Do not oppose plaintiff's request to transfer this case to the court of appeals.

Dated: June 12, 2008          Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

_____/s/_____
C. LEE REEVES
Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7109

Washington, D.C. 20530
Tel: 202-514-4805
Fax: 202-616-8470
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC.,<br>D/B/A GREENFIELD LABS,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHELE LEONHART,<br>In her official capacity as Acting Administrator<br>of the Drug Enforcement Administration, *et al.*,<br><br>       Defendants. | No. CV 08-00635 (RMC) |

**[Proposed] ORDER**

Upon consideration of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on the Issue of Jurisdiction or, in the Absence Thereof, For Immediate Transfer to the U.S. Court of Appeals for the D.C. Circuit, it is hereby ORDERED that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as it seeks transfer to the court of appeals for the D.C. Circuit, and DENIED in all other respects.

Dated: _____.

_____
UNITED STATES DISTRICT JUDGE

Pursuant to D.C. Local Rule 7(k), below is a list of counsel to be notified:

Counsel for Plaintiff:

Jonathan W. Emord, Esq.
Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA 20124
Tel: (202) 466-6937

Counsel for Defendants:

C. Lee Reeves, Esq.
Department of Justice, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530
Tel: (202) 514-4805