**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

        Plaintiff,

    v.                                 No. CV-08-00635 (RMC)

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al.*,

        Defendants.

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF JURISDICTION OR, IN THE ABSENCE THEREOF, FOR IMMEDIATE TRANSFER TO THE U.S. COURT OF APPEALS FOR THE D.C. CIRCUIT**

      Plaintiff Novelty Distributors d/b/a Greenfield Labs ("Novelty"), by counsel and pursuant to Local Civil Rule 7(d), hereby submit its Reply to the Government's Opposition to Novelty's Motion for Summary Judgment on the issue of Jurisdiction or, in the Alternative, for Immediate Transfer to the U.S. Court of Appeals for the D.C Circuit. Plaintiff's Motion for Summary Judgment was properly filed under Federal Rule of Civil Procedure 56. The motion seeks to resolve a narrow question of law in response to this Court's May 27, 2008 Minute Order.

      On May 23, 2008, Novelty moved this Court to expedite review of its Motion for Preliminary Injunction. In its motion, Novelty argued, *inter alia*, that it suffered increasing economic and reputational harm every day a ruling from did not issue from this Court on its motion for preliminary injunctive relief ($5,000 a day; $200,000 per

week in losses).  On May 27, 2008, this Court addressed that motion in a Minute Order

stating, "The Court will decide Plaintiff's motion for expedited action regarding

Plaintiff's motion for preliminary injunction when it becomes ripe, but neither grants nor

denies the motion at this time."  That language could reasonably concern only one issue

in light of the pleadings preceding it.  When the Minute Order issued, the briefing cycle

on Novelty's Motion for Preliminary Injunction had closed, and only the government's

Answer and pending Motion to Dismiss remained outstanding, in which the Defendants

protested they would reveal jurisdiction to be lacking.  Accordingly, a ruling on

Novelty's motion for preliminary injunctive relief could be stalled only by an issue of

jurisdiction over the claims.

 Novelty properly filed its Motion for Summary Judgment on June 2, 2008, to

resolve the jurisdiction issue forthwith.  Novelty's motion was not a reargument of its

motion for expedition; it was aimed with precision at the jurisdiction question.  Novelty

did reiterate the pressing fact of ever-increasing economic harm.  It did so in the motion

for summary judgment to impress upon the court the need for swift action to resolve the

question of jurisdiction in accord with the purpose of preliminary injunctive relief.

 Novelty's motion included a detailed recitation of facts and law concerning

jurisdiction.  A litigant may file a motion for partial summary judgment to resolve

specific issues of law within a broader civil action.  See, e.g., 35B Corpus Juris

Secundum, Federal Civil Procedure § 1225 (2008) ("On a motion for summary judgment

the court may or should determine an issue of law"); George Hyman Const. Co. v.

Washington Metropolitan Area Transit Authority, 621 F.Supp. 898 (D.D.C. 1985)

(analyzing partial motion for summary judgment only on question of law); Nell Jean

Industries, Inc. v. Barnhart, 224 F.Supp. 2d 10, 13 (D.D.C. 2002) (same). This Court

may rule upon Novelty's motion for summary judgment as to jurisdiction if no genuine

issues of material fact exist. See Cargo Carriers v. Snyder, 104 F.Supp. 258, 259 (D.D.C.

1952).

      Novelty's pleading was properly submitted as a motion for summary judgment

because no genuine issues of material fact exists concerning the issue of jurisdiction.

Notably, the Defendants' Opposition raises not one factual contention that strikes at

jurisdiction. Indeed, there is no plausible dispute over the legal events that preceded

Novelty's appearance before this Court. The issue raised by Novelty's motion for

summary judgment is a matter of law that may be addressed by this Court pursuant to a

motion for summary judgment.[1]

      Finally, the Defendants challenge Novelty's Motion for Summary Judgment

through their familiar erroneous argument that jurisdiction is proper only before the Court

of Appeals. Novelty need not belabor that point by restating the reasons why jurisdiction

is clearly proper in this Court. Novelty articulated that position in its motion for

Summary Judgment to which the Defendants provide no legitimate rebuttal in their

Opposition. The Defendants argue only that 21 U.S.C. § 824(d) "must be read in

conjunction with 21 U.S.C. § 877." Govt's Opposition at 5. That argument is expressly

rejected by this Court in Neil Laboratories, Inc. v. Aschroft, 217 F.Supp. 80, 84-85

(D.D.C. 2002) (quoting Norman Bridge Drug Company v. Banner, 529 F.2d 822, 823-34,

828-29 (5th Cir. 1976)). In its other pleadings, the Defendants incorrectly argue that Neil

Laboratories and Norman Bridge are no longer good law, allegedly superseded by the

---

[1] In fact, this Court may raise the issue sua sponte.

case of John Doe.  See Govt's Motion to Dismiss at 13 (citing John Doe, Inc. v. DEA,

484 F.3d 561 (D.C. Cir. 2007).  The argument is absurd upon a read of John Doe.  John

Doe does not overrule or eliminate the holding of district court jurisdiction for actions

under 21 U.S.C. § 824(d).  In fact, John Doe does not even construe that section.  It is a

typical review of a final administrative action, not an interlocutory immediate suspension

order.  Not only did the court never address the specific cause of action now presented

before this court, but the case hinged on an analysis of final agency action.  See id. at

568-70.  Therefore, the holding is not at all applicable to the cause of action in Neil

Laboratories, which addresses review of non-final agency action under Section 824(d).[2]

Accordingly, the Defendants' entire argument on jurisdiction rests on one inapposite

precedent.  The Defendants' position has been unequivocally rejected in past cases.  See

Norman Bridge, 529 F.3d at 823-24 ("The plain language of this section means that one

faced with becoming the victim of the harsh expedient of suspension without prior notice

may resort to the district court in search of appropriate relief") (emphasis added); Neil

Laboratories, 217 F.Supp. at 80 n.6 (adopting Norman Bridge holding on jurisdiction).

By holding that Congress did in fact include district court review in the terms of

Section 824(d), the precedent explicitly rejects the Defendants' anachronistic argument.

It is bad form to argue anew, without explicitly asking for case law to be overruled, a

position so plainly not the law—one overtly rejected in the governing law.  Truth be told,

---

[2] Final agency action would be reviewable under Section 877 only in the Court of
Appeals.  However, the Court of Appeals would summarily reject Novelty's current
claim because it is non-final and therefore inappropriate for review under the explicit
terms of § 877 (which only addresses "final" agency action).  See 21 U.S.C. § 877.  The
John Doe court cited numerous administrative law cases involving rulemaking and
procedural claims.  John Doe, 484 F.3d at 568-70.

Defendants argue for new law which is well enough, but they attempt to do so by seeking to overturn precedent in <u>Neil Laboratories</u> and <u>Norman Bridge</u>.

Moreover, the Defendants' argument that this Court lacks jurisdiction over Novelty's First Amendment claim is equally unavailing. Novelty sets forth an independent constitutional claim under 28 U.S.C. § 1331. That claim is unrelated to the issues before the DEA. Indeed, during the administrative hearing, DEA argued that resolution of the constitutional issue was inappropriate in the administrative forum. <u>See</u> Transcript at 1130 (Argument from DEA Attorney Linden Barber) (Attached as Exhibit 1). Yet now, before the appropriate forum, the Defendants argue review should be before the DEA. It seems the Defendants would prevent constitutional review of Novelty's claims *in toto* through this game of legerdemain. However, it is the role of the courts— not the agency—to determine the extent of constitutional protections. <u>See</u> <u>Spiegel, Inc. v. FTC</u>, 540 F.2d 287, 294 (7th Cir. 1976) ("Generally, federal administrative agencies are without power or expertise to pass upon the constitutionality of administrative or legislative action"). Moreover, constitutional challenges to agency action are exempt form the exhaustion doctrine. <u>See</u>, <u>e.g.</u> <u>Presbyterian Church v. U.S.</u>, 870 F.2d 518, 523-25 (9th Cir. 1989) (allowing First Amendment claim to proceed against various agencies in absence of final agency action).

In its First Amendment claim, Novelty asks this Court to determine the reach of the First Amendment in the context of Novelty's right to make a record of events. This specific question of constitutional law is far beyond the authority vested in the DEA. To permit DEA to lord over Novelty's constitutional claims would divorce the agency from the checking power of the judicial branch. Moreover, it is entirely possible, if not likely,

that the Administrator will not rule on Novelty's constitutional issue as part of her analysis of whether Novelty's registration is in the public interest. Should this occur, Novelty's appeal before the Court of Appeals will necessarily be limited to challenges of the analysis employed to determine Novelty's registration. This Court should therefore recognize that jurisdiction exists and provide Novelty with the relief it requests.

For the foregoing reasons, this Court should grant plaintiff's motion for summary judgment on to the issue of jurisdiction, and proceed with a determination on the merits of each claim.

Respectfully submitted,

NOVELTY, INC.


By: _____/s/_____
          Jonathan W. Emord
          Andrea G. Ferrenz
          Peter A. Arhangelsky
          *Its Counsel*

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Date submitted:  June 16, 2008

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

        Plaintiff,

    v.                              No. CV-08-00635 (RMC)

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al.*,

        Defendants.

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY
JUDGMENT ON THE ISSUE OF JURISDICTION OR, IN THE ABSENCE
THEREOF, FOR IMMEDIATE TRANSFER TO THE U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT**

**EXHIBIT 1:**

**Testimony from <u>In re Novelty Distributors</u>, DEA Docket No. 08-33**

UNITED STATES DEPARTMENT OF JUSTICE

* * * * * *

DRUG ENFORCEMENT ADMINISTRATION

* * * * * *

HEARING

* * * * * *

þÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍ»
                   º
                   º
IN THE MATTER OF:  º
                   º  Docket No. 08-33
NOVELTY DISTRIBUTORS  º
                   º
                   º
þÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍÍ¼


U.S. Department of Justice
Drug Enforcement Administration
Courtroom E-2123
600 Army Navy Drive

Arlington, VA 22202

Thursday, March 27, 2008

        The above entitled matter came on for

hearing, pursuant to notice at 9:00 a.m.

BEFORE:  GAIL A. RANDALL

         Administrative Law Judge

3b171aec-f2c4-456d-b92b-0e233a15f633

TABLE OF CONTENTS

```
WITNESS          DIRECT CROSS REDIRECT RECROSS

Vincent Tomei      943   957
Kimberly Rogers    972   981     988
Marie Gelin        991  1018    1032      1033
                                1035
Voir Dire on page 1042

Madeline Kuzma    1049  1084    1110      1111
Lisa Barnhill     1120
```

```
EXHIBIT NO.           DESCRIPTION      MARK RECD
Government
4                                      1163 1166
27A   Hannaford Pharmacy Log Book           1044

20    Barnhill Declaration                  1123
30-33 Verification Documents           1192 1195
34    Report                           1167 1171
35    Sales Report                     1168 1170
36    Product List                     1171 1174
39-40                                       1220
47    Inventory Papers                 1177 1179

59    Log                              1054
60    Interview Questionaire                1058
61    Interview Questionaire           1064 1075
69    Spreadsheet                      1188 1191
77    Log Books                        1048 1066

Administrative Law Judge

10    Respondent's Motion in Limine    1149
11    Government's Response to Motion   1149
      in Limine
12    Respondent's Motion to Suppress  1149
      Evidence During July 9, 2007
      Inspection

13    Respondent's Interlocutory       1150
      Appeal of the Order Denying
      the Motion to Exclude
      Government Counsel
14    Deputy Administrator's denial    1150
      of the interlocutory appeal
```

3b171aec-f2c4-456d-b92b-0e233a15f633

Page 1125

1           A     It was issued, to the best of my

2     recollection, July 5th, and it was amended on

3     July 6th.

4           Q     All right, and now I want to show

5     you, first of all, Government Exhibit 4 on

6     pages 1 and 2.

7           A     Okay.

8                 MR. EMORD:  Your Honor, we're just

9     going to enter our objection, and it may be

10    best to address the entire lot because

11    whatever Your Honor's ruling would be would

12    affect all of them.

13                JUDGE RANDALL:  All right.  Why

14    don't you identify for me what that lot

15    consists of --

16                MR. EMORD:  Thank you, Your Honor.

17                JUDGE RANDALL:  -- that is

18    encompassed in your objection?

19                MR. EMORD:  It's Government

20    Exhibit 4, Government Exhibit 30, Government

21    Exhibit 34, Government Exhibit 35, Government

22    Exhibit 36, Government Exhibit 37, Government

23    Exhibit 39, Government Exhibit 65, Government

24    Exhibit 66.

25                JUDGE RANDALL:  All right.  Just

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 1.08 ARGUMENT FROM ATTORNEYS EMORD & BARBER    Page 5 of 31

Page 1126

1    one moment.

2                    (Pause in proceedings.)

3                    JUDGE RANDALL:  All right, Mr.

4    Emord.  You may be heard further.

5                    MR. EMORD:  Yes, Your Honor.

6    We've stated in our motion to suppress the

7    gist of the argument.  Let me just reiterate

8    in a succinct fashion.

9                    Under 5 USC Section 706.2(b), the

10   administrative agencies are prohibited from

11   taking actions which are contrary to

12   constitutional right.  Independent of 5 USC

13   Section 706, of course, is the person under

14   the Constitution which even were 5 USC Section

15   706  not directly applicable to the

16   administrative agencies, the Constitution

17   itself would be, and the First Amendment of

18   the Constitution, in particular.

19                    At the time of the administrative

20   warrant, as is stated in the motion to

21   suppress, there was an attempt to videotape

22   the progress of the execution of the warrant

23   and to do so at the Novelty plant in the

24   locations where the inspectors were.  In the

25   corner of the room was placed a tripod with a

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 1.08 ARGUMENT FROM ATTORNEYS EMORD & BARBER    Page 6 of 31

Page 1127

1     video camera atop it.

2              The inspectors, in particular,

3     Darrell Metter, removed the video camera from

4     the room, placed it outside the room, and

5     would not allow its use.  This occurred on two

6     occasions, and then on a third occasion an

7     audio cassette recorder was placed in the

8     room, and the audio cassette recorder was

9     dismantled with the cassette tape being

10    removed and the batteries of the cassette

11    recorder being removed by the DEA agents.

12             It is an absolutely right under

13    the First Amendment to the Constitution that

14    one has the right to record the actions of

15    Government.  The checking value of the First

16    Amendment has historic roots, constitutional

17    roots.  The roots that here are in issue arise

18    from a prior restraint doctrine of the First

19    Amendment.  The Government may not deny you

20    the right to record its activities on your

21    premises, on your own property, restrain you

22    from allowing a record to be made, and that

23    constitutes a First Amendment violation.

24             We've set forth the explanation of

25    that violation in the motion to suppress.  As

3b171aec-f2c4-456d-b92b-0e233a15f633

```
 1        a consequence of the unconstitutional actions

 2        associated with the inspection, the content

 3        derived from the inspection, the

 4        documentation, is tainted with this

 5        unconstitutionality, and the use of it in this

 6        proceedings should be -- it should be

 7        suppressed because in response to the

 8        constitutional violation that is entirely

 9        appropriate, in light of the violation of the

10        Administrative Procedure Act and the First

11        Amendment, to deny the use of the ill-gotten

12        documentation in light of the constitutional

13        violation.

14                It is particularly appropriate

15        here because in the course of executing the

16        warrant, we have identified certain specific

17        actions which we think are unreasonable and

18        exceed the statutory provision limitation on

19        reasonableness that allows the warrant to be

20        executed in the first place, both as to the

21        actual content of the warrant issued by the

22        court in Indiana and as to the statutory

23        provision which allows a warrant to be

24        executed.

25                Both restrict an inspection to
```

3b171aec-f2c4-456d-b92b-0e233a15f633

Page 1129

```
 1        reasonable limitations on the use of the

 2        execution of the warrant.  We have identified

 3        a series of irregularities here, including a

 4        threat of arrest, including a demand of over

 5        12,000 pages of documents to be produced

 6        within a matter of hours, and the

 7        constitutional violation that we've just

 8        referred to.

 9                  In light of all of these factors,

10        which are laid out in the motion to suppress,

11        we move that the Court preclude the Government

12        from relying upon the fruit of that

13        inspection.

14                  JUDGE RANDALL:  Very well.  Mr.

15        Bayley, do you wish to be heard?

16                  MR. BARBER:  Your Honor, I will,

17        sine this is a motion to suppress, I know this

18        is Mr. Bayley's witness, but this is a matter

19        we briefed before, number one, and we do draw

20        Your Honor's attention to the brief that the

21        Government has filed in response to this.

22                  There are a number of things that

23        Your Honor should consider in your ruling.

24        Number one, the warrant was not facially

25        invalid and was issued by a federal magistrate
```

3b171aec-f2c4-456d-b92b-0e233a15f633

Page 1130

1    judge, and with all due respect to the

2    authority of this Court over these

3    proceedings, it has no authority with regard

4    to the warrant issued by a federal magistrate

5    judge.

6           That said, certainly you can

7    determine what comes in or out of these

8    proceedings, and so we do acknowledge that.

9    However, Mr. Emord's claims with regard to

10   First Amendment violations are matters that

11   are not properly before this Court and can be

12   adjudicated and have their own remedy, and to

13   that extent those matters should be handled in

14   other fora.

15          With regard to the records that

16   Mr. Emord seeks to exclude, this is a matter

17   that is pending before this agency with regard

18   to the public interest with regard to

19   Novelty's registration, and in particular

20   matters that pertain to public health and

21   safety regarding the alleged diversion of

22   schedule listed chemical products.  In that

23   regard, Government Exhibit 4, which

24   Respondents seek to exclude is a record

25   required to be kept under the statute, and

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 10 of 31

Page 1131

1          thus even had DEA acted unreasonably, the

2          document would still be in the possession of

3          Novelty subject to inspection, copying by the

4          Enforcement Administration pursuant to the

5          warrant without regard to the manner in which

6          the warrant was executed.

7                    Number two, Government Exhibit 30,

8          also Government Exhibit 34 pertains to matters

9          that are covered within the face of the

10         warrant.  They are also records required to be

11         kept under the statute.  Even if DEA acted

12         unreasonably, these records would still have

13         to be maintained by Novelty and be free to be

14         discovered in the proper execution of the

15         warrant.

16                    Numbers 35 and 36 involve the

17         distribution of schedule listed chemicals,

18         records pertaining to schedule listed chemical

19         products, again, clearly within the face of

20         the warrant and records required to be kept by

21         this registrant under the statute which this

22         Agency enforces.

23                    The same is true with regard to

24         Item No. 37 and Government Exhibit 39,

25         Government Exhibit 65, shipping records to

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 11 of 31

Page 1132

```
 1        North Carolina and Kentucky, and Novelty's
 2        records showing distributions of ephedrine
 3        allegedly not in blister packs.
 4                 All of the records obtained are,
 5        in fact, records that are either directly
 6        required to be kept by statute and regulation
 7        or they are records that bear upon an
 8        investigation under the Controlled Substance
 9        Act.  Therefore, the matters covered within
10        the face of the warrant which was properly
11        issued by a federal magistrate judge, these
12        matters should not be suppressed, and the
13        claim of First Amendment harm, as Mr. Emord
14        cited in his brief is properly taken in a
15        constitutional court, in the federal courts of
16        the United States, suppression of records
17        which are required to be kept or which
18        directly bear upon the investigation under the
19        Controlled Substances Act should not be
20        excluded from these proceedings, particularly
21        in light of the fact that these proceedings
22        are designed to determine whether the
23        continued registration of Novelty is
24        consistent with the public interest.
25                 MR. EMORD:  Can I be heard
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 12 of 31

Page 1133

1      further, Your Honor?

2                  JUDGE RANDALL:  Of course.  Just

3      one moment.

4                  Mr. Emord.

5                  MR. EMORD:  Yes, Your Honor.

6      First, a factual point of correction.

7      Government Exhibit No. 4 is not of Novelty's

8      creation.  It is the Government's own

9      creation.  The document bears the signature of

10     this witness, Lisa Barnhill and apparently of

11     Madeline Kuzma and is a Government generated

12     document, not a document generated by Novelty.

13                 Your Honor, in one of her earlier

14     orders in this case, passed upon the

15     demonstrative only precedent that we have,

16     Babcock and Wilcox Company v. OSHA, 610 F.2d

17     1128, 3rd Circuit, 1979, in which the Third

18     Circuit made clear that, to quote the Third

19     Circuit, "we think there are compelling

20     reasons for insisting that Fourth Amendment

21     claims for the suppression of evidence in OSHA

22     enforcement cases be tendered first to the

23     Commission rather than dealt in the first

24     instance by the court, allowing the agency to

25     correct the constitutional violation."

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 13 of 31

Page 1134

```
 1                    This agency, as all agencies of

 2          the federal government, are bound, as is the

 3          oath of the presiding officer, the oath of

 4          each of the employees of the agency to adhere

 5          to the restrictions of the Constitution of the

 6          United States on the use of Government power

 7          and the use of Government investigatory power,

 8          and when those violations take place, it is

 9          entirely appropriate for a forum before this

10          Agency that is being asked to receive the ill-

11          gotten gain of that investigation that did

12          result in this constitutional violation to

13          exclude it as an appropriate remedy for the

14          constitutional violation, and that power is

15          your power recognized in Babcock and Wilcox,

16          to the extent that the court there says that

17          constitutional violations are recognizable in

18          the forms inside the commissions.

19                    And so it is that if this is

20          allowed and there is no sanction for the

21          misconduct, which is a constitutional

22          violation, it raises a question not only about

23          Wilcox, which in and of itself is the only

24          authority we have, and that from the Third

25          Circuit says the Constitution applies here as
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 14 of 31

Page 1135

1      one would expect and one would hope, and that

2      it is entirely your province to pass judgment

3      on the extent to which that constitutional

4      violation should result in the exclusion of

5      evidence, and in this case the suppression of

6      the evidence.

7                  As far as the legal requirement to

8      keep the documents, well, of course, there is

9      a legal requirement to keep the documents, but

10     that is not germane to the question of

11     admissibility in this case.  Yes, there is a

12     warrant that was executed.  The Government

13     contents it was lawfully executed.  If we give

14     them the benefit of the doubt and say that the

15     warrant was lawfully executed by the court, we

16     still have this problem.  There's a statutory

17     restriction on the use of a warrant to obtain

18     documents which says that it is limited to a

19     reasonable search.

20                 And the same is true.  The statute

21     requires that and the warrant itself requires

22     it, and the terms in issue, it's 21 USC 880,

23     directly applicable here, 880(b)(3)(B).  The

24     inspection is to be done within reasonable

25     limits and in a reasonable manner.

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 15 of 31

Page 1136

1              Well, reasonable limits must

2       necessarily include the constitutional limits

3       that are upon the officers of the Government.

4       Reasonable limits that they don't include the

5       constitutional limits upon the Government

6       would appear to be patentably unreasonable.

7              These officers are agents of the

8       Government who have sworn an oath to uphold

9       the constitution in what they do.  They must

10      be bound by that oath.  When they obtain

11      information during the course of investigation

12      which constitutional rights have been

13      violated, there must be some sanction for

14      that.

15             In this proceeding, the only

16      sanction available is the exclusion of the

17      evidence.  The exclusion of the evidence is

18      the most appropriate sanction because

19      otherwise we countenance the constitutional

20      violation.

21             Under the Fourth Amendment we also

22      have the requirement of a reasonable search

23      and seizure.  So the reasonable search and

24      seizure restriction, which comes from the

25      statute, from the Constitution, and is also

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 16 of 31

Page 1137

```
 1        required to be adhered to by the

 2        Administrative Procedure Act section that we

 3        talked about which forbids the Agency to

 4        engage in action contrary to constitutional

 5        right provides us with the strongest possible

 6        basis to exclude this evidence, and it should

 7        be adhered to because the other argument to

 8        the contrary does not derive from the

 9        Constitution, is not predicated upon the

10        warrant as it has been argued, but rather is

11        an argument that goes not to the issue of the

12        execution of the warrant.  We're not before

13        the court in Indiana.  We're before Your

14        Honor.

15                   And Your Honor didn't issue the

16        warrant.  It's irrelevant.  What is relevant

17        is the admission of the evidence.

18                   Thank you, Your Honor.

19                   JUDGE RANDALL:  Thank you.

20                   Just one moment, please.

21                   (Pause in proceedings.)

22                   JUDGE RANDALL:  Mr. Barber, do you

23        wish to be heard further?

24                   MR. BARBER:  Yes, Your Honor.

25        Just briefly in light of Mr. Emord's raising
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 17 of 31

Page 1138

1        now the Fourth Amendment as well as the First
2        Amendment issue.
3                    First, we note there is no
4        suppression remedy in this 880, the statute
5        under which the warrant was issued.  We do not
6        in any way deny this Court's authority to
7        govern the proceeding and admission of
8        evidence.  However, we note that there's no
9        statutory authority for that.
10                   Secondly, we note the
11       Administrator's ruling on the interlocutory
12       appeal previously taken by Novelty, and
13       specifically with regard to Novelty's claim
14       that in that case Mr. Bayley, whom they sought
15       to exclude from these proceedings, counseled
16       a First Amendment violation.  The
17       Administrator specifically addressed the issue
18       and found that citing to a number of Agency
19       precedents, including the Harold Floyd Wright
20       matter, 50 Federal Register 24,329, and SJL
21       Drug Corp., 49 Federal Register 175; that the
22       exclusionary rule does not apply because the
23       proceedings are remedial in nature and exist
24       to protect the public interest.
25                   In those cases, although I have

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 18 of 31

Page 1139

1        not confirmed to a certainty, I believe in

2        those cases, Your Honor, the facts bear out

3        that the exclusionary rule that was sought was

4        sought under the Fourth Amendment for

5        violation of the Fourth Amendment.

6                Notably, Mr. Emord decided no case

7        law that allows for the exclusion because of

8        a First Amendment violation.  He seeks to take

9        a Fourth Amendment exclusionary rule and apply

10        it to a First Amendment based on the assertion

11        that his client had a right to video-audiotape

12        agents in the execution of an administrative

13        agent's investigators in the execution of an

14        administrative inspection warrant.

15                And whether or not that be true is

16        really not a matter for this Court whether

17        this client actually has that right, but in

18        order to exclude, you would first have to find

19        that his client had that right, once again,

20        well beyond the bounds of this body's

21        jurisdiction whose authority derives from the

22        Controlled Substances Act and the Code of

23        Federal Regulations delegated from the

24        Administrator, and so in order to exclude this

25        evidence, you would, indeed, have to find that

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108-ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 19 of 31

Page 1140

1          there was a First Amendment violation and that

2          exclusion was a proper remedy which would be

3          directly contrary to prior Agency rulings.

4                    We also note in this regard that

5          the case upon which the Respondent relies in

6          this matter, Babcock and Wilcox v. Marshall,

7          that it predates, indeed, is a Third Circuit

8          case from 1979, and predates rulings of the

9          Supreme Court of the United States,

10         specifically casting serious doubt on the

11         notion of whether the exclusionary rule

12         applies in administrative proceedings.

13                   And again, we direct Your Honor's

14         attention to the Administrator's denial of

15         Respondent's motion for interlocutory appeal

16         and citing to the case cited by the

17         Administration, Pennsylvania Board of

18         Probation and Parole v. Scott, which indeed

19         casts doubt on the exclusionary rule's use in

20         administrative proceedings.

21                   For all of these reasons, the

22         Government believes that the appropriate

23         sanction in this matter is not exclusion of

24         the evidence, and we ask Your Honor to deny

25         the motion to suppress.

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 20 of 31

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 20 of 31

Page 1141

1          MR. EMORD:  May I be heard one

2     more time, Your Honor?

3          JUDGE RANDALL:  Yes, just one

4     moment.

5          MR. EMORD:  Thank you.

6          (Pause in proceedings.)

7          JUDGE RANDALL:  Yes, Mr. Emord,

8     you may be heard.

9          MR. EMORD:  A factual point of

10    correction is that the tripod for videotaping

11    was in place in the room before the agents

12    arrived, and that's just one point.

13         The notion that administrative

14    agencies may apply the Constitution, in

15    particular, the First Amendment of the United

16    States is addressed in the Syracuse Peace

17    Council case before the Federal Communications

18    Commission in which the Federal Communications

19    Commission determined that because of the

20    First Amendment to the Constitution, it was

21    unable to enforce the fairness doctrine, which

22    was then an issue.  That is a case in the --

23    forgive me.  It was either in the '80s or

24    '90s.  We've got a citation for you for

25    Syracuse Peace Council.  It was affirmed by

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 21 of 31

Page 1142

```
 1        the United States Court of Appeals for the
 2        D.C. Circuit.
 3                    In particular, the Commission
 4        there held that they could not enforce to
 5        statutory provision under, well, the doctrine
 6        derived from the statutory provision in the
 7        Federal Communications Commission Act because
 8        of their oath of office.  They were sworn to
 9        uphold the Constitution of the United States.
10                    Independent of the exclusionary
11        rule, one has an obligation to adhere to the
12        Constitution by their oath of office.  Each of
13        the Commissioners there understood that their
14        oath of office was the predicate for acting to
15        prevent further enforcement under what was
16        then the fairness doctrine.
17                    Likewise, in this instance in the
18        presence of a constitutional violation, Your
19        Honor predicated on her oath of office can act
20        in like manner.  She need not rely upon the
21        exclusionary rule to suppress the evidence.
22                    Finally, Babcock and Wilcox is
23        applicable.  There is no case subsequent to
24        that case which calls into question the
25        precedent or otherwise modifies that precedent
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 22 of 31

Page 1143

1      with respect to the particular holding there

2      that the court there thought compelling

3      reasons for insisting that Fourth Amendment

4      claims for a suppression of evidence in OSHA

5      enforcement cases be tendered first to the

6      Commission.

7                  Reference has been made to,

8      without specific identification of precedent,

9      to the Supreme Court disfavoring this

10     approach.  I'm unaware of any specific

11     precedent that would support the view that the

12     Supreme Court disfavored this approach, and I

13     should note that the appeal of the  Syracuse

14     Peace Council case affirmed by the D.C.

15     Circuit, we will check to see whether cert.

16     was denied in that case.

17                  I've been informed that cert. was

18     denied in that case, although the denial of

19     cert. is not indicative of a holding.  Because

20     of the nature of the case, the importance of

21     it, and its significant extent, it is, I

22     think, indicative of the fact that a First

23     Amendment constitutional issue there, an issue

24     pertaining to the enforcement power of the

25     Federal Communications Commission was not

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 23 of 31

Page 1144

1          deemed worthy of review by the Supreme Court.

2                    The cite for the Syracuse Peace

3          Council case is 867 F.2nd 654.  It is a 1989

4          D.C. Circuit case on review of an order of the

5          Federal Communications Commission in which the

6          Federal Communications Commission determined

7          in no small measure based on the oaths of

8          office of the Commissioners that they lacked

9          the constitutional power to enforce an

10         unconstitutional doctrine or rule.

11                   That's all I have for the moment,

12         Your Honor.

13                   JUDGE RANDALL:  All right.  Just a

14         moment.

15                   (Pause in proceedings.)

16                   JUDGE RANDALL:  Mr. Barber,

17         anything further?

18                   MR. BARBER:  Very briefly, Your

19         Honor, we would simply note that as the case

20         cited by counsel recently is factually

21         distinguishable, there, if counsel's

22         representation is correct, it had to do with

23         Commissioners enforcing what was an

24         unconstitutional rule.

25                   Once again, in this case we're

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARKER  Page 24 of 31

Page 1145

```
 1          dealing with allegations in this case of an
 2          alleged constitutional tort, not an
 3          unconstitutional rule, and the remedy sought
 4          here is exclusion when the appropriate remedy
 5          under the case law for First Amendment
 6          constitutional torts is action in the federal
 7          courts of the United States, and so we believe
 8          just based simply on counsel's representation
 9          that he made in his most recent presentation
10          about the facts of the Syracuse Peace Council
11          case, that it is inapplicable and should be no
12          basis for excluding the evidence.
13                    MR. EMORD:  One last time, Your
14          Honor?
15                    JUDGE RANDALL:  Yes, Mr. Emord.
16                    MR. EMORD:  Constitutional issues
17          have broad breadth as the precedent of the
18          Supreme Court well establishes.  The action or
19          inaction that results in constitutional
20          violations of such extreme import as our First
21          Amendment issues, even in the New York Times
22          v. Sullivan case, the courts undertook a very
23          rapid system of review in the context of a
24          prior restraint, this being a prior restraint,
25          to allow the case to reach the Supreme Court
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 25 of 31

Page 1146

1  on a very expedited basis in order for a

2  decision to be made.

3            Decisions that are made are

4  sweeping on First Amendment grounds, resulting

5  even in the invalidation of statutory

6  provisions, regulatory provisions, as was the

7  case in Syracuse Peace Council.  It was an

8  enforcement action by the agency holding a

9  party in violation of the fairness doctrine.

10  The Commission itself recognized that it had

11  a power to do that, but refused to exercise

12  the power on constitutional grounds.

13            There is no substantive matter

14  within which to distinguish an

15  unconstitutional action of government.  There

16  must be a consequence for the unconstitutional

17  actions of agents of the Government of the

18  United States.

19            In this case, the forum's only

20  recourse for the unconstitutional action lies

21  in the elimination of the opportunity to

22  present into evidence the documents obtained

23  during the unlawful execution of the warrant.

24  If the warrant had gone by without

25  constitutional violation, it would be another

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 26 of 31

Page 1147

```
 1      thing.

 2              This may be an issue of first

 3      impression for this forum in that this forum

 4      may not have previously been presented with a

 5      constitutional violation during the execution

 6      of the warrant.  If the Government chose to

 7      present its case without reliance upon

 8      documents obtained through the

 9      unconstitutional warrant, from the

10      unconstitutional execution of the warrant, it

11      could do so, but it has chosen to rely upon

12      those very documents.  The response should be

13      appropriately to prevent the introduction of

14      that tainted evidence into the record.

15              Thank you, Your Honor.

16              JUDGE RANDALL:  Thank you.

17              MR. EMORD:  Oh, yes, Your Honor.

18      To cite the Syracuse Peace Council case before

19      the Commission, the Federal Communications

20      Commission, the cite is 52 Fed.Reg. 31768

21      (August 24th, 1987).

22              JUDGE RANDALL:  Very well.  I'm

23      going to take a short recess.  We are in

24      recess to be recalled I would expect in

25      approximately ten minutes.
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 27 of 31

Page 1148

1                        We're in recess.  Please carry on.

2                        (Whereupon, the foregoing matter

3                        went off the record at 2:51 p.m.

4                        and went back on the record at

5                        3:19 p.m.)

6                        JUDGE RANDALL:  We're on the

7            record.

8                        I have pending before me an

9            objection to the elicitation of the testimony

10           of the original Investigator Barnhill

11           concerning documents which have been marked as

12           Government's exhibits which the  Respondent

13           asserts have been procured in a process that

14           violated the Respondent's First Amendment

15           rights.

16                        First, I want to acknowledge that

17           I understand the Respondent's strong response

18           to the DEA actions as it perceives those

19           actions as they occurred in July of 2007.

20                        I also acknowledge that both

21           counsel put motions and briefs in in response

22           to this serious issue.

23                        In order to make a thorough record

24           so that should this issue become reviewed in

25           subsequently proceedings, I am going to mark

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 28 of 31

Page 1149

```
 1         Respondent's Motion in Limine, filed on March
 2         14th, 2008, as ALJ Exhibit 10.
 3                                (Whereupon, the document
 4                                referred to was marked
 5                                as ALJ Exhibit No. 10
 6                                for identification.)
 7              JUDGE RANDALL:  The Government's
 8         Response to the Motion in Limine, filed on
 9         March 20th, 2008, as ALJ Exhibit 11.
10                                (Whereupon, the document
11                                referred to was marked
12                                as ALJ Exhibit No. 11
13                                for identification.)
14              JUDGE RANDALL:  Respondent's
15         Motion to Suppress Evidence During July 9,
16         2007 Inspection, filed on March 20th, 2008,
17         will be marked as ALJ Exhibit 12.
18                                (Whereupon, the document
19                                referred to was marked
20                                as ALJ Exhibit No. 12
21                                for identification.)
22              JUDGE RANDALL:  The Respondent's
23         Interlocutory Appeal of the Order Denying the
24         Motion to Exclude Government Counsel will be
25         marked as ALJ Exhibit 13.
```

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 29 of 31

Page 1150

```
 1                          (Whereupon, the document

 2                          referred to was marked

 3                          as ALJ Exhibit No. 13

 4                          for identification.)

 5              JUDGE RANDALL:  Which will give

 6      context to then the Deputy Administrator's

 7      denial of the interlocutory appeal, which will

 8      be marked as ALJ Exhibit 14.

 9                          (Whereupon, the document

10                          referred to was marked

11                          as ALJ Exhibit No. 14

12                          for identification.)

13              JUDGE RANDALL:  I find that

14      consistent with the Deputy Administrator's

15      denial of the interlocutory appeal and the

16      final order cited therein that the Drug

17      Enforcement Administration has previously held

18      that the exclusionary rule does not apply

19      because the proceedings, and I'm quoting, "are

20      remedial in nature and exist to protect the

21      public interest."

22              In light of the fact that this

23      Agency's current position is that the

24      exclusionary rule does not apply, I therefore

25      am bound by these final orders and do not have
```

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER  Page 30 of 31

```
 1        the authority to grant the exclusion requested
 2        by the Respondent in this matter in their
 3        Motions to Suppress.
 4                 Next, the Respondent cites to a
 5        case they titled the Syracuse Peace Council
 6        and have given me the citation of 867 F.2d
 7        654, D.C. Circuit (1989).  In my reading of
 8        that case, I find that case is applicable to
 9        the proceeding before the FCC and in the
10        posture of that proceeding and the doctrines
11        binding that particular administrative agency.
12        I do not see, absent any further briefing, the
13        applicability of that case to the matters
14        pending before me.
15                 Therefore, I will not rely on my
16        duty as encompassed in my oath of office to
17        uphold the Constitution for I do not see that
18        this matter rises to that level in the current
19        posture that it is in before me based on the
20        record before me at this time.
21                 Therefore, I'm going to deny the
22        Respondent's motion, and I'm going to allow
23        the testimony to proceed.
24                 MR. EMORD:  Your Honor, we would
25        like to move for the opportunity to appeal
```

3b171aec-f2c4-456d-b92b-0e233a15f633

EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER   Page 31 of 31
EXHIBIT 108 ARGUMENT FROM ATTORNEYS EMORD & BARBER

Page 1152

1      through the Agency's interlocutory appeal

2      process under 21 CFR 1316.62, to have the

3      Administrator address the question directly.

4      As Your Honor noted in her decision, Your

5      Honor felt bound by the order of the

6      Administrator on the earlier motion to exclude

7      counsel, and we think in light of the

8      recognized gravity of the matter, as Your

9      Honor also identified in her order, that we be

10     afforded the opportunity to present the

11     question directly to the Administrator before

12     further evidence is adduced from this witness.

13              (Pause in proceedings.)

14              JUDGE RANDALL:  Does the

15     Government wish to be heard concerning the

16     Respondent's request to take an interlocutory

17     appeal of this ruling and to stay this

18     proceeding pending the ruling on that

19     interlocutory appeal?

20              MR. BARBER:  May I have a moment

21     to confer with co-counsel, Your Honor?

22              JUDGE RANDALL:  Certainly.

23              MR. BARBER:  And before we

24     respond, I would ask clarification.  Your

25     Honor posed the question to the Government in

3b171aec-f2c4-456d-b92b-0e233a15f633