UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC., D/B/A GREENFIELD LABS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHELE LEONHART,<br>In her official capacity as Acting Administrator of the Drug Enforcement Administration, *et al.*,<br><br>    Defendants. | No. CV-08-00635 (RMC) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff Novelty Distributors d/b/a Greenfield Labs ("Novelty"), by counsel, hereby moves this Honorable Court for leave to file a Surreply in response to the Defendants' Reply, styled a Brief in Support of Defendants' Motion to Dismiss, filed June 26, 2008. In its Reply, the Defendants present representations of fact and law not previously stated in their original Motion to Dismiss. Therefore, Novelty requests a full and fair opportunity to respond. Novelty's Surreply is timely under Local Civil Rule 7. The submission of this pleading will not unduly delay decision on the Defendant's Motion to Dismiss, nor prejudice the Defendants who have had ample opportunity to state their position in multiple pleadings.

Accompanying this Motion for Leave please find Plaintiff's Surreply Memorandum in Opposition to Defendants' Motion to Dismiss.

                Respectfully submitted,

                NOVELTY, INC.,


           By:  _____/s/_____
                Jonathan W. Emord
                Andrea G. Ferrenz
                Peter A. Arhangelsky
                Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Date submitted:  June 30, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

    Plaintiff,

    v.

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al*.,

    Defendants.

No. CV-08-00635 (RMC)

**PLAINTIFF'S SURREPLY MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff Novelty Distributors d/b/a/ Greenfield Labs ("Novelty"), by counsel, hereby submits this Surreply to the Defendants' Reply Brief in Support of Defendants' Motion to Dismiss. In its Reply, the Defendants argue anew that Novelty provided no response to the Defendants' argument that review of Novelty's constitutional claim must first be adjudicated within DEA. See Govt's Reply at 7 (arguing "Novelty offers no response to this, nor could it"). The Defendants' argument before this Court is directly contradicted by the DEA's argument before the DEA Administrative Law Judge . See Novelty's Opposition to Motion to Dismiss ("Novelty's Opposition") at 14-16. In its Opposition, Novelty explained DEA's attempts at the administrative level to preclude review of Novelty's constitutional claim. Id. at 14-15. Indeed, DEA Associate Chief Counsel Linden Barber, an affiant before this Court, stated DEA's position that Novelty's First Amendment claim was inappropriate for review in the administrative forum. Id.

1

<u>DEA cannot maintain in law or logic both arguments. It cannot with honesty and logic argue before the DEA that DEA has no power to review a First Amendment claim (a position it presently maintains and has never withdrawn) and contradict itself, as it now does, before this Court by arguing that this Court has no power to review a First Amendment claim because the DEA will review the claim in the first instance. The DEA argument made here is thus a post hoc fabrication--transparently false and entirely one of convenience. This Court should not be misled.</u>

The Defendants also mislead when they argue that "Novelty's motion did not contain any factual assertion that DEA sought to prohibit it from videotaping anywhere but in the conference room Novelty provided to DEA as a workspace." <u>See</u> Govt's Reply at 10. To the contrary, the exhibits accompanying Novelty's Motion for Partial Summary Judgment make clear that the DEA agents objected to any video recording of them, regardless of the place within Novelty where the videotaping occurred. <u>See</u> Novelty's Motion for Partial Summary Judgment, Exhibit 2 (Testimony of JR Merlau) at 22-24. Mr. Merlau testified that Novelty attempted to videorecord for a fourth time in Novelty's lobby area against DEA's vehement denunciations. <u>See id.</u> (Transcript Pages 2379-81). When the DEA agents ordered a halt to the videotaping, they did not order a halt within the confines of a particular space: The agents demanded that they not be videotaped. <u>See</u> Tr. at 2220 (Merlau Testimony); Tr. 2380 ("One of them said that they weren't going to allow it").

There is not one shred of evidence from the voluminous testimonial record that the agents sought to prohibit videorecording only in the conference room or that they objected to video recording at specific times. No, the record plainly reveals that they

2

objected to every instance of video recording of themselves, whether in Novelty's conference room or in Novelty's lobby. That evidence is in the testimonial record that Novelty presented to this Court [Tr. 2215-26, 2270-75, 2379-81, 2387-93 (Merlau Testimony); 1512-36, 2003-33, 2095-99, 2117-18 (Polk Testimony)]; the Defendants would have the Court presuppose the facts nonexistent, indeed contrary to what they actually are. While arguing the law is fair game; the facts are resilient to fabrication. This Court should not be misled.

Two of the three DEA agents involved in the administrative search testified at the administrative hearing. Both parties elicited testimony of these witnesses concerning the execution of the search warrant. Neither DEA agent said that internal agency deliberations took place on Novelty's premises or that objections to videotaping were based on the need to exchange confidences. The argument is baseless, a post hoc rationalization, a fiction created presently. Neither DEA agent identified any confidential discussion while on Novelty's premises. None identified the conference room as a place for exchange of confidences. No such argument was made to the ALJ. Neither DEA agent asked to reserve the space for private exchanges among the agents. No evidence exists that any confidences were in fact exchanged on Novelty premises. No evidence exists that Novelty reserved the room for private conversations among the DEA agents or otherwise prohibited common access of Novelty employees to the conference room. All documents examined in the room were supplied by Novelty executives who entered the room without DEA agent objection to their physical presence and who interacted with DEA agents in that room rather than outside of it (facts strongly militating against the speculative assertion that the room was reserved for private DEA deliberations). See Tr.

3

1513; 2219; 2220; 2224-25; 2270 (categorizing conference room as "the small conference room that <u>we</u> were using") (emphasis added); 2374.

Meanwhile, Novelty presented testimonial evidence that the conference room was in fact used for meetings between the parties and to hold discussions concerning DEA's document requests. <u>See</u>, <u>e.g.</u>, Novelty's Motion for Summary Judgment, Exhibit 2 (Testimony of Merlau) at 2220 (indicating that Ryan Polk met with DEA in the conference room); Tr. at 2224 ("Ryan would be meeting with the DEA employees"); Tr. 2225 ("both of us needed to go in together and talk to them together"); Tr. 2374 (meetings between Polk and DEA throughout the day). Moreover, the fact that the conference room was not subject to the exclusive use of DEA is supported by the simple fact that Novelty never provided that room for such a purpose. The Defendants' contrary representation is entirely fabricated. The Defendants read into the term "workspace" used in an isolated passage of an affidavit, the notion that this was an exclusive workspace reserved by DEA agents. The testimonial record from whence that term is excerpted offers no support for the proposition. <u>See</u> Tr. 1531, 2270. In fact the Defendants can point to nothing in the record that the agents had exclusive use of that area. <u>See</u> Govt's Reply at 9-10. Moreover, the Defendants submitted an affidavit from Lisa Barnhill, an agent that participated in the execution of the search. <u>See</u> Govt's Motion to Dismiss, Barnhill Declaration. That affidavit was offered in support of the Defendants' Motion to Dismiss, yet even that affidavit makes no mention of DEA having exclusive use of the conference room. <u>Id.</u>

The Government's false factual assertions aside, the legal argument stemming therefrom is irrelevant. The DEA agents occupied Novelty's private property. As the

4

entity with legal right to possess the premises, Novelty had an absolute right to station an employee in the conference room throughout the execution of the search warrant and to have that employee record every action or word spoken by any DEA agent on its property.  Likewise, nothing prevented Novelty from videorecording the actions of DEA agents on its premises, and DEA's flat prohibition on videotaping, in fact stated without a temporal or spatial limitation of any kind, constituted a prior restraint in violation of Novelty's First Amendment rights.

For the foregoing reasons, and those set forth in Novelty's Opposition to the Defendants' Motion to Dismiss, Novelty respectfully requests that this Honorable Court grant Novelty's Motion for Summary Judgment on Count Three of Novelty's complaint, issuing a declaratory judgment that during the course of DEA's investigation of Novelty on July 9 to July 11, DEA violated Novelty's First Amendment right to record the actions of the DEA's agents then executing a warrant.

                                            Respectfully submitted,

                                            NOVELTY, INC.,

                                            By:  _____/s/_____
                                                 Jonathan W. Emord
                                                 Andrea G. Ferrenz
                                                 Peter A. Arhangelsky
                                                 Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Date submitted:  June 30, 2008