# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ) | |
| NOVELTY DISTRIBUTORS, INC., ) | |
| D/B/A GREENFIELD LABS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CV 08-00635 (RMC) |
| ) | |
| MICHELE LEONHART, ) | |
| In her official capacity as Acting Administrator ) | |
| of the Drug Enforcement Administration, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF JURISDICTION TO REVIEW THE FIRST AMENDMENT CLAIM

## INTRODUCTION

By motion dated July 3, 2008, plaintiff Novelty Distributors, Inc. ("Novelty") filed its latest motion for partial summary judgment — its third — on the issue of whether this Court has jurisdiction to review Novelty's First Amendment claim.  Novelty files this motion (i) notwithstanding the fact that the parties have fully briefed this specific jurisdictional issue in the context of the pending motion to dismiss; and (ii) notwithstanding the fact that Novelty has previously filed a motion for summary judgment with respect to its First Amendment claim. Because the instant motion for summary judgment is both redundant and improper, this Court should strike Novelty's motion for partial summary judgment as to the issue of whether jurisdiction is proper in this Court over Novelty's First Amendment claim.

## RELEVANT PROCEDURAL HISTORY

By motion dated April 28, 2008, Novelty filed a motion for partial summary judgment as to its First Amendment claim.  (Dkt. # 17).  Defendants moved to stay this motion in anticipation of filing a motion to dismiss all claims for lack of jurisdiction, which defendants did file on June 5, 2008.  (Dkt. # 20, 33).  Defendants' motion addressed, *inter alia*, whether this Court had jurisdiction to hear Novelty's First Amendment claim.  *See* Defs'. Mem. in Support of Mot. To Dismiss at 13-20 (Dkt. # 33).  In advance of this filing, however, Novelty filed an opposition to defendants' motion to stay in which Novelty reiterated why, in Novelty's view, its First Amendment claim should proceed in this Court.  (Dkt. # 25).

On June 2, 2008, Novelty filed its second motion for partial summary judgment, this time addressing whether jurisdiction was proper in this Court as to Novelty's motion for a preliminary injunction.  (Dkt. # 30).  By Memorandum Order dated June 17, 2008, this Court determined that it had jurisdiction to hear Novelty's motion for a preliminary injunction, but denied Novelty's motion on the merits.  (Dkt. # 38).  Because Novelty had not sought a preliminary injunction on the basis of its First Amendment claim, this Court's Memorandum Opinion did not address whether jurisdiction was proper over Novelty's First Amendment claim.

On June 16, 2008, Novelty filed its opposition to defendants' motion to dismiss.  In its opposition, Novelty argued at length why this Court had jurisdiction to entertain Novelty's First Amendment claim.  *See* Pl's. Mem. in Opp. to Defs'. Mot. To Dismiss at 14-17  (Dkt. # 36). Following defendants' reply, Novelty briefed, in its surreply, the issue of this Court's jurisdiction over its First Amendment claim for a *fourth* time.

## NOVELTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT IS BOTH REDUNDANT AND IMPROPER

As detailed above, Novelty has already briefed the issue of whether this Court has jurisdiction over its First Amendment claim on four separate occasions.  Given this, Novelty's latest motion for summary judgment, which raises no new arguments, is indisputably redundant. Novelty has fully briefed the issue of First Amendment jurisdiction in the context of its first motion for partial summary judgment and in its opposition to defendants' motion to stay Novelty's first motion for partial summary judgment, and twice more in its briefs opposing defendants' motion to dismiss.  Pursuant to Federal Rule of Civil Procedure 12(f), this Court should strike Novelty's motion for partial summary judgment on the issue of First Amendment jurisdiction as redundant.  *See* Fed. R. Civ. P. 12(f) (authorizing courts to strike "any redundant, immaterial, impertinent or scandalous material"); *see also Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (courts have "liberal discretion" to "any matter" that runs afoul of Rule 12(f)). Even if Novelty had raised new arguments in the instant motion, which it has not, this Court should not countenance Novelty's attempt to confound the briefing process.  Novelty's latest motion is nothing more than a transparent and improper attempt to re-address the jurisdictional arguments already exhaustively briefed in connection with the motion to dismiss.  In doing so, Novelty seeks not only to have the last word (which it has already had by virtue of its surreply), but to have the last word a second and third time by virtue of this latest filing, *see* Dkt. # 45, and any reply Novelty might file in support thereof.

There can be no question that Novelty has had ample opportunity to present its views as to why this Court has jurisdiction to entertain its First Amendment claim.  If Novelty has failed

to present any argument to this Court in its first four opportunities addressing this issue, Novelty

has only itself to blame. Novelty has presented no argument whatsoever why it should get what

would be, in effect, a second and third surreply to defendants' reply in support of defendants'

motion to dismiss. It would further waste the time and resources of the parties and this Court to

permit Novelty additional opportunities to address an issue that the parties have already

addressed exhaustively in the filings to date.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court strike plaintiff's

motion for partial summary judgment on the issue of First Amendment jurisdiction.

Dated: July 17, 2008

Respectfully submitted,
GREGORY G. KATSAS
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
ARTHUR R. GOLDBERG
Assistant Director, Federal Programs Branch

_____/s/_____

C. LEE REEVES
Department of Justice, Civil Division, Federal
Programs Branch
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530
Tel: 202-514-4805
Fax: 202-616-8470
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC.,<br>D/B/A GREENFIELD LABS,<br><br>       Plaintiff,<br><br>       v.<br><br>MICHELE LEONHART,<br>In her official capacity as Acting Administrator<br>of the Drug Enforcement Administration, *et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)     No. CV 08-00635 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [Proposed] ORDER

Upon consideration of Defendants' Motion To Strike, it is hereby ORDERED that

Plaintiff's Motion for Summary Judgment on the Issue of Jurisdiction to Review the First

Amendment Claim is STRICKEN from the record.


Dated: _____.


_____
UNITED STATES DISTRICT JUDGE

Pursuant to D.C. Local Rule 7(k), below is a list of counsel to be notified:

Counsel for Plaintiff:

Jonathan W. Emord, Esq.
Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA 20124
Tel: (202) 466-6937

Counsel for Defendants:

C. Lee Reeves, Esq.
Department of Justice, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7109
Washington, D.C. 20530
Tel: (202) 514-4805