UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC., D/B/A GREENFIELD LABS, <br><br> Plaintiff, <br><br> v. <br><br> MICHELE LEONHART, In her official capacity as Acting Administrator of the Drug Enforcement Administration, *et al.*, <br><br> Defendants. | No. CV-08-00635 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF JURISDICTION TO REVIEW THE FIRST AMENDMENT CLAIM**

Plaintiff Novelty Distributors d/b/a Greenfield Labs ("Novelty"), by counsel and pursuant to Local Civil Rule 7(b), hereby opposes Defendants' Motion to Strike Novelty's Motion for Summary Judgment on the Issue of Jurisdiction to Review the First Amendment Claim. While Novelty has addressed jurisdiction in prior filings, it has not sought the specific relief requested in its motion for summary judgment on the issue of jurisdiction for the First Amendment claim (i.e., it has not sought a ruling specifically on jurisdiction via summary judgment and it has not asked this Court to transfer the case to the Court of Appeals if it finds jurisdiction lacking). Additionally, Defendants' motion to strike is barred by Fed. R. Civ. P. 12(f) because this Court's precedent holds Rule 12(f) inapplicable to motions (only applicable to pleadings). McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP, 2008 U.S. Dist. LEXIS 47805 (D.D.C. June 24, 2008).

1

## I. DEFENDANTS' ARGUMENTS FAIL; NOVELTY SEEKS RELIEF ON THE ISSUE OF JURISDICTION FOR THE FIRST TIME IN ITS MOTION FOR SUMMARY JUDGMENT

On April 28, 2008, Novelty filed a motion for partial summary judgment, seeking a declaration that Defendants violated Novelty's First Amendment rights during the course of executing a warrant at Novelty's Greenfield, Indiana headquarters. (Dkt. No. 17). The motion addressed why this Court had jurisdiction over the First Amendment claims but did not seek a specific ruling on jurisdiction or, in the absence thereof, on transfer to the Court of Appeals. In its motion on jurisdiction pertaining to the First Amendment claim (earlier Novelty filed a motion on jurisdiction pertaining to its appeal of the DEA interim suspension order), Novelty asks for the first time that this Court declare it has jurisdiction over the First Amendment claim or, in the alternative, that the matter be transferred to the U.S. Court of Appeals for the D.C. Circuit.

The sole basis of Defendants' substantive argument in their motion to strike is that Novelty repeatedly pled this Court's jurisdiction over its First Amendment claim. However, Novelty has not previously sought the relief requested; therefore, Defendants' argument substantively fails. Furthermore, "[a] party may raise the issue of subject matter jurisdiction at any time . . ." CSR Ltd. v. Cigna Corp., 405 F. Supp. 2d 526, 535 (D.N.J. 2005). Novelty acts within its procedural rights to file its motion for summary judgment on jurisdiction.

## II. A MOTION TO STRIKE DOES NOT LIE AGAINST A MOTION FOR SUMMARY JUDGMENT IN THIS COURT

Defendants' motion to strike Novelty's motion erroneously relies on Fed. R. Civ. P. 12(f), which allows a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added). Novelty's

motion for summary judgment on the First Amendment jurisdiction question is not a "pleading" within the meaning of that rule and, thus, Defendants' motion to strike is improper.

Fed. R. Civ. P. 7(a) is clear that seven "pleadings" are ones to which the motion lies: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Motions are treated separately in the rule, and are not considered pleadings. Id. 7(b). As this Court recently held, a document not included in Rule 7's list of pleadings is not a pleading and is not subject to a motion to strike. McFadden, 2008 U.S. Dist. LEXIS 47805; see also Weiss v. PPG Indus., Inc., 148 F.R.D. 289, 292 (M.D. Fla. 1993) ("A motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f)"); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike" (citation omitted)).  Reliance on the motion to strike a motion is barred.

Defendants cite *Pigford v. Veneman* for the proposition that courts have broad discretion over matters running afoul of Rule 12(f). 215 F.R.D. 2 (D.D.C. 2003). This Court noted in that case that "courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure." Id. at 4 n.1. The Court therefore relied on Fed. R. Civ. P. 12(f) (and Fed. R. Civ. P. 11) to strike a party's response because it contained scandalous and harassing assertions that the opposing counsel was racist. Id. at 5. But even the Court in *Pigford* recognized that the facts were anomalous and that "a motion to strike generally is disfavored because it seeks

an extreme remedy . . ." Id. at 4 (citations omitted). Novelty's motion for summary judgment is not the type of exception to Rule 12(f) contemplated by *Pigford*. As mentioned above, this Court held just days ago that the rule does not apply to material beyond pleadings, and a motion is not a pleading. McFadden, 2008 U.S. Dist. LEXIS 47805.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike violates this Court's rules and is otherwise improper because no rule or precedent of this Court denies Plaintiff the right to seek specific relief on the question of jurisdiction before this Court proceeds to address the merits of Plaintiff's underlying First Amendment claim.

Respectfully submitted,

NOVELTY, INC.

_____/s/_____
Jonathan W. Emord
Andrea G. Ferrenz
Peter A. Arhangelsky
Nathaniel H. Wadsworth
Its Counsel

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Date submitted: July 21, 2008

4

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOVELTY DISTRIBUTORS, INC.,** <br> **D/B/A GREENFIELD LABS,** <br>         **Plaintiff,** <br><br> v. <br><br> **MICHELE LEONHART,** <br> **In her official capacity as** <br> **Acting Administrator of the** <br> **Drug Enforcement Administration; et al** <br><br>         **Defendants.** | Case No. 08cv00635 (RMC) |

**PROPOSED ORDER**

Upon consideration of Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment on the Issue of Jurisdiction to Review the First Amendment Claim, and Plaintiff's Opposition thereto, it is hereby

ORDERED, that the motion is DENIED.

_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT COURT

Date:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

    Plaintiff,

v.

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al*.,

    Defendants.

No. CV-08-00635 (RMC)

**CERTIFICATE OF SERVICE**

I, Jonathan W. Emord, on July 21, 2008, caused to be served by overnight mail Novelty's Opposition to Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment on the Issue of Jurisdiction to Review the First Amendment Claim on counsel for the Defendants at the below address:

Lee Reeves
US Department of Justice
Federal Programs Branch
Civil Division
20 Massachusetts Ave. NW
Washington DC 20530


_____/s/_____
Jonathan W. Emord