UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY DISTRIBUTORS, INC., ) <br> D/B/A GREENFIELD LABS, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> MICHELE LEONHART, ) <br> In her official capacity as Acting Administrator ) <br> of the Drug Enforcement Administration, *et al.*, ) <br>   ) <br> Defendants. ) <br>   ) | No. CV 08-00635 (RMC) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF JURISDICTION TO REVIEW THE FIRST AMENDMENT CLAIM**

**INTRODUCTION**

In our opening motion, defendants argued that Novelty's latest motion for summary judgment was improper and redundant, and that this Court should therefore strike it from the record. Novelty responds that its motion for partial summary judgment as to the issue of First Amendment jurisdiction is not improper because Novelty "has not sought a ruling specifically on jurisdiction via summary judgment and [because Novelty] has not asked this Court to transfer the case to the Court of Appeals if it finds jurisdiction lacking." Novelty Opp. at 1. Novelty further argues that defendants' motion to strike fails because motions to strike are categorically inapplicable to motions. *See id.* Novelty is wrong on both counts.

**NOVELTY'S SUMMARY JUDGMENT MOTION IS INDISPUTABLY REDUNDANT**

By motion dated April 28, 2008, Novelty filed a motion for partial summary judgment as

to its First Amendment claim. (Dkt. # 17). Notwithstanding Novelty's claim that "it has not sought a ruling specifically on jurisdiction via summary judgment," even the most casual examination of Novelty's first motion for partial summary judgment reveals that Novelty has, in fact, done exactly that. Indeed, Novelty's prior motion for partial summary judgment on its First Amendment claim has an entire section titled "The District Court Has Jurisdiction to Hear Novelty's Constitutional Challenge." *See* Novelty Mot. For Partial S.J. at 5-7. (Dkt. # 17). Thus, Novelty's claim that it has not already filed a summary judgment motion on this precise issue is conclusively belied by the record.[1]

Even if Novelty's claim that "it has not sought a ruling specifically on jurisdiction via summary judgment" were not demonstrably false, it would be immaterial in any event. Novelty apparently believes that the rules permit a party to seek relief an unlimited number of times as long as it has not sought the precise relief (here, a favorable jurisdictional ruling with respect to its First Amendment claim) by the precise procedural vehicle (here, summary judgment)

---

[1] Even if Novelty had not addressed the precise jurisdictional question at issue in its first motion for partial summary judgment (which it did), such an omission would not make Novelty's latest motion for summary judgment any less redundant. It is well settled that absent jurisdiction, a court has no power to adjudicate the merits of a case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). By seeking summary judgment on the merits of its First Amendment claim, Novelty necessarily sought a ruling on the antecedent jurisdictional question as well. Furthermore, there is no justification (and Novelty offers none) why a party should be permitted to file a motion for summary judgment as to jurisdiction to adjudicate a particular issue and a separate motion for summary judgment on the merits of that same issue.

Separate and apart from Novelty's prior summary judgment motion on this issue, Novelty has also briefed these issues exhaustively in the context of the motion to dismiss. *See* Defs.' Mot. to Strike at 2 (detailing relevant procedural history).

previously. If this were the law, litigation would never end, as a party could simply regurgitate the same arguments indefinitely as long as it put a new caption on an otherwise old motion. Novelty unsurprisingly cites no authority for this wasteful interpretation of the rules of civil procedure. Simply put, Novelty cannot get repeated bites at the same apple simply by styling a previously articulated argument in a different way.

Novelty is similarly wrong that this Court cannot strike its latest motion for summary judgment because motions to strike are applicable only to pleadings. Courts have repeatedly held that a court has "inherent power to control the disposition of the causes on its docket." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal quotation omitted); *see also Gilleland v. Schanhals*, 55 Fed. Appx. 257, 260 (6th Cir. 2003) (explaining that a district court "may use its inherent power to manage its docket to strike documents"). Novelty does not even attempt to explain why this Court lacks the inherent power to purge its docket of redundant and frivolous motions.

As we noted in our opening motion, courts in this circuit have granted motions to strike even as to non-pleadings. *See Pigford v. Veneman*, 215 F.R.D. 2, D.D.C. 2003 (granting motion to strike non-pleading accusing opposing counsel of racism as unsupported and scandalous). Novelty attempts to explain away *Pigford* with nothing more than the conclusory assertion that its motion for summary judgment "is not the type of exception to Rule 12(f) contemplated by *Pigford*," Novelty Opp. at 4, apparently because this case does not involve scandalous and unfounded allegations. Yet Novelty concedes, as it must, that Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "**any matter** that is "**redundant**, immaterial, impertinent, or scandalous." *Pigford v. Veneman*, 215 F.R.D. at *4 (emphasis added) (quoting Fed. R. Civ. P.

12(f)); *accord* Novelty Opp. at 2). Thus, the fact that this case does not involve scandalous matter does not necessarily take it out of the ambit of Rule 12(f), which by its plain terms applies to redundant material.

As we explained in our opening motion, Novelty has addressed the jurisdictional question raised in its latest motion on ***four*** prior occasions, not counting its most recent motion for summary judgment. *See* Defs.' Mot. to Strike at 2 (detailing relevant procedural history). It is past time that Novelty stop.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court strike plaintiff's motion for partial summary judgment on the issue of First Amendment jurisdiction.

Dated: July 31, 2008                    Respectfully submitted,
                                        GREGORY G. KATSAS
                                        Assistant Attorney General
                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        ARTHUR R. GOLDBERG
                                        Assistant Director, Federal Programs Branch

                                                    /s/
                                        ─────────────────────────
                                        C. LEE REEVES
                                        Department of Justice, Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W., Room 7109
                                        Washington, D.C. 20530
                                        Tel: 202-514-4805
                                        Fax: 202-616-8470
                                        *Attorneys for Defendants*