**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

            Plaintiff,

     v.                                         No. CV-08-00635 (RMC)

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al.*,

            Defendants.

## <u>MOTION FOR AN ORDER TO SHOW CAUSE WHY AN INJUNCTION OUGHT NOT BE ISSUED</u>

Novelty Distributors, Inc. d/b/a Greenfield Labs ("Novelty"), by counsel, hereby

moves this Court to issue an Order to Show Cause why an injunction ought not be issued

forthwith given the DEA's failure to issue a decision on or before its predicted decision

date of August 30, 2008.  In support of this motion, Novelty presents the attached

Memorandum of Points and Authorities.

                                    Respectfully submitted,

                                    NOVELTY, INC.,

                        By: _____/s/_____
                                Jonathan W. Emord
                                Andrea G. Ferrenz

Peter A. Arhangelsky
Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com
*Its Counsel*

Date submitted:  September 2, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY DISTRIBUTORS, INC.,
D/B/A GREENFIELD LABS,

       Plaintiff,

  v.                           No. CV-08-00635 (RMC)

MICHELE LEONHART,
In her official capacity as Acting Administrator
of the Drug Enforcement Administration, *et al.*,

       Defendants.

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

      In pleadings upon which this Court relied, the Government represented that a

Final DEA Order would issue in the matter of Novelty Distributors, Inc. "on or before

August 30, 2008." *See* Govt Opp. to Novelty Mot. for Prel. Injun., Barber Decl. at ¶ 6

(Dkt. #21-3) ("[b]ased upon my experience and my knowledge of the agency's

commitment to providing a prompt post-deprivation final order in cases involving

Immediate Suspension Order, I anticipate that DEA will issue a final order in the Novelty

case on or before August 30, 2008"); *see also* Govt Opp. to Novelty Mot. for Prel. Injun.

at 16 (DEA "anticipates making a final decision no later than this August"). The Court

relied upon those representations in its opinion denying Novelty preliminary injunctive

relief. *See* Memorandum Opinion at 16 n.3 (citing Barber Declaration). This Court's

assessment of irreparable harm, an essential element in the four-part injunction analysis,

was predicated on the harm that would occur within the period between Novelty's motion

for relief and the Defendants' decision date of August 30, 2008.  *See* Memorandum

Opinion at 16 n.3.  August 30, 2008 has passed without a DEA decision. Novelty's

damages continue to mount.  *See* Novelty Mot. for Prel. Injun. at 18-21;  *See*

Memorandum Opinion at 16 (holding that Novelty's statement of damages is

compelling).

DEA precedent in comparable cases reveals DEA decisions take far longer in the

ordinary course and would not reliably occur before April of 2009.  *See* Novelty's Memo

in Reply to Defendants' Opp. to Mot. for Prel. Injun., at 21-22.[1]  In arriving at its

conclusion to deny Novelty injunctive relief, this Court relied substantially upon DEA

counsel's representation that a Final Order would issue in August.  *See* Govt Opp. to

Novelty Mot. for Prel. Injun., Barber Decl. at ¶ 6 (Dkt. #21-3).  In an affidavit, DEA

Associate Chief Counsel stated that, despite contradictory precedent, a DEA Final Order

would issue by August, an exceptionally ambitious prediction as evidenced by DEA's

past adjudications.  DEA's inaction in this case proves the prediction false.

---

[1] *See, e.g., Trinity Health Care Corp.; Affirmance of Immediate Suspension*, 72 Fed. Reg. 30849 (June 4, 2007) (almost 2 years elapsed between August 19, 2005 OSC and Immediate Suspension; ALJ issued her findings of fact on October 2, 2006, and DA issued her final decision on June 4, 2007, 8 months later); *Rose Mary Jacinta Lewis, M.D; Affirmance of Immediate Suspension*, 72 Fed. Reg. 4035 (Jan. 29, 2007) (almost 3 years elapsed between service of OSC and immediate suspension in April, 2004; ALJ issued her Decision in September, 2006 and DEA issued final order in January, 2007); *William R. Lockridge, M.D.; Affirmance of Immediate Suspension of Registration*, 71 Fed. Reg. 77791 (Dec. 27, 2006) (2 years and 2 months between hearing date and Administrator's Final Order); *Oakland Medical Pharmacy; Revocation of Registration*, 71 Fed. Reg. 50100 (August 22, 2004) (more than 14 months passed between issuance of ALJ decision in May, 2005 and the DA's final order in August, 2006); *RX Network of South Florida, LLC; Revocation of Registration*, 69 Fed. Reg. 62093 (Oct. 22, 2004) (10 months between ALJ Order and Administrator's Final Order); *22nd Avenue Drugs, Inc.; Revocation of Registration*, 53 Fed. Reg. 3467 (Feb. 5, 1988) (one year between hearing and final Administrator's Order).

Because this Court materially relied upon a prediction we now know to be false, it should reevaluate the equities favoring Novelty's Motion for Preliminary Injunction, beginning with an order directed to the Defendants to show cause why an injunction ought not issue forthwith.  This Court recognized the great harm Novelty suffers with each passing day.  *See* Memorandum Opinion at 16.  Since the Court's decision 77 days have passed with damages mounting at hundreds of thousands of dollars per week.  *See* Novelty Mot. for Prel. Injun. at 18-21; Novelty Reply to Govt Opp. to Mot. for Prel. Injun. at 11, 16-19.

This Court is empowered to issue an Order to Show Cause under 28 U.S.C. § 1651(b).  *See Sumler v. Secretary of Health and Human Services*, 834 F.2d 711, 713 (8th Cir. 1987) (stating "use of a show cause order is within the discretion of the district court").  This Court may revisit its ruling on the Motion for Preliminary Injunction when presented with additional facts or evidence.  *See, e.g., Industrial Bank of Washington v. Tobriner*, 405 F.2d 1321, 1324 (D.C. Cir. 1968) (absent an agreement that the whole case on the merits should be consolidated with the motion for preliminary injunction, denial of the motion left the complaint pending); *see also* John Bourdeau, et al., 43A C.J.S. Injunctions § 356 (2008) (stating that  "the grant or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy, is not binding on the court on a subsequent hearing. . .  An unfavorable determination on an application for preliminary injunction generally should not serve to bar a party from marshalling additional evidence and proving facts sufficient to entitle him or her to relief at a trial on the merits").

Because the basis of this Court's decision is undermined by DEA's failure to act within the time represented to this Court, and the preliminary injunction factors increasingly militate in favor of relief as Novelty suffers irreparable harm, the Court should compel the government to show cause why injunctive relief should not issue.

For the foregoing reasons, Novelty respectfully requests that this Court issue an Order to Show Cause why it ought not issue a preliminary injunction forthwith to protect Novelty from increasing irreparable harm while awaiting DEA's Final Order.

Respectfully submitted,

NOVELTY, INC.

_____/s/_____
Jonathan W. Emord
Andrea G. Ferrenz
Peter A. Arhangelsky
*Its Counsel*

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA  20124
Ph:  (202) 466-6937
Fx:  (202) 466-6938
jemord@emord.com

Date submitted: September 2, 2008